DAVID HOLMGREN, Appellant, *vs.* THE CITY OF MOLINE *et al.* Appellees.

*Opinion filed October 27, 1915.*

1. CONSTITUTIONAL LAW—*amendment of 1913 to act relating to city hospitals not invalid.* The amendment of 1913 to section 6 of the act concerning city hospitals, which authorizes the pledging, for hospital extension, of hospital taxes for a period of five years and the issuing of warrants payable out of such taxes, does not violate section 12 of article 9 of the constitution, which restricts the power of a municipal corporation to become indebted.

2. SAME—*fact that the City Hospital act amends another act by implication does not render it invalid.* The fact that the amendment of 1913 to the act concerning city hospitals amends by implication, and without reference thereto in its title, the provision of the act requiring ordinances for the issuing of bonds to be submitted to a vote of the people, does not render the amendment invalid as a violation of section 13 of article 4 of the constitution, as the act concerning the construction of hospitals is complete in itself.

3. SAME—*repeals or amendments by implication are not necessarily prohibited by section 13 of article 4.* An act complete in itself does not violate section 13 of article 4 of the constitution merely because it repeals or amends some prior law by implication, as any new provision of law may to some extent change the provisions of former statutes, and whenever there is an irreconcilable conflict between two acts, the later act, to the extent of the conflict, repeals the earlier one by implication.

4. SAME—*issuing warrants against future hospital taxes is "be-coming indebted."* The amendment of 1913 to section 6 of the act for the extension of hospitals does not authorize a city to issue warrants against future hospital taxes in any greater amount than will, with existing indebtedness, equal the constitutional limit of five per cent, as issuing warrants against future taxes, though to be kept in a special fund, is "becoming indebted."

APPEAL from the Circuit Court of Rock Island county; the Hon. F. D. RAMSAY, Judge, presiding.

SHALLBERG & HARPER, for appellant.

JAMES M. JOHNSTON, for appellees.

Mr. JUSTICE DUNN delivered the opinion of the court:

The city of Moline, having a population of about thirty thousand, has established and is maintaining a public hospital under the act of 1891 to enable cities to establish and maintain public hospitals. Section 6 of this act was amended in 1913 so as to authorize the directors of hospitals organized under the act, "by the consent of two-thirds vote of the said board, and by the consent of two-thirds vote of the city council of said city, for the purpose of constructing additional buildings for said hospital, to pledge the taxes to be collected for hospital purposes for a period not to exceed five years, and to anticipate the collection of said taxes for a period not to exceed five years, by issuing warrants or vouchers for that purpose, the same to be signed by the president and secretary of the hospital board and by the mayor and city clerk or commissioner of accounts and finance of said city; and be payable only out of the taxes to be collected for hospital purposes in said city for said period not to exceed five years, and it shall not be necessary for said board or said city council of said city, to submit the question of issuing said warrants or vouchers to a vote of the people." (Hurd's Stat. 1913, p. 214.) Afterward the board of di-

rectors of the city hospital adopted a resolution giving its unanimous consent to the issuance of $70,000 of warrants or vouchers, of $1000 each, to bear five per cent interest per annum, payable semi-annually, $14,000 of said warrants or vouchers to become due on the first day of July in the years from 1915 to 1919, both inclusive. The resolution further provided that so much of the taxes to be collected for hospital purposes for the years 1914 to 1918, both inclusive, as might be necessary to produce the sums needed to pay said bonds, principal and interest, as they mature, should be and were pledged by the hospital board for the purpose of paying said warrants or vouchers, and interest, as they became due. Later the city council passed an ordinance whereby it gave its unanimous consent to the board of directors of said hospital to issue the warrants or vouchers specified in the resolution of the board of directors, and provided that for the purpose of providing for the payment of the principal and interest of the warrants or vouchers so authorized as they respectively became due, the taxes levied and collected for hospital purposes for the years 1914 to 1918, both inclusive, were pledged for the payment of said warrants or vouchers, and that there should be collected a direct annual tax upon all taxable property in the city of Moline to the amount authorized by law, viz., the tax not to exceed three mills on the dollar, annually, to be known as the "hospital fund," being sufficient in amount to produce the amount of the principal and interest of such warrants or vouchers. In pursuance of the foregoing resolution and ordinance the board of directors of the city hospital have had prepared, printed and signed by the proper officials, ready for sale and disposal, warrants or vouchers to the amount of $70,000, which they are making an effort to sell and are about to sell and dispose of. The appellant filed a bill against the city of Moline, the board of directors of the city hospital, the mayor and the commissioner of accounts

and finance of the city, setting out the facts above stated and representing that the value of the property in the city of Moline, as ascertained by the last assessment for State and county taxes, was $6,937,852, that the present indebtedness of the city is $300,000, and that the limit of indebtedness which the city can lawfully incur is $346,892.62. The bill alleges that the amendment of 1913 to the act to enable cities to establish and maintain public hospitals is in violation of section 12 of article 9 of the constitution, and that the warrants proposed to be issued pursuant to the authority of such amendment would increase the indebtedness of the city to an amount exceeding the constitutional limitation. The bill prays for an injunction against the issuance of the warrants. A general demurrer to the bill was sustained, it was dismissed for want of equity, and the complainant has appealed.

Section 12 of article 9 of the constitution provides that no county, city, township or school district or other municipal corporation shall be allowed to become indebted, in any manner or for any purpose, to an amount, including existing indebtedness, in the aggregate exceeding five per cent of the value of the taxable property therein, to be ascertained by the last assessment for State and county taxes previous to the incurring of such indebtedness. The amendment in question does not violate this limitation. It does not authorize the incurring of an indebtedness beyond the five per cent limit. If the warrants to be issued are to be regarded as evidences of indebtedness incurred, the only effect of the constitutional limitation would be to restrict the amount to five per cent of the assessment. The issuing of the warrants is no more a violation of this constitutional limitation than the borrowing of money in any other way. The effect of the limitation is only to restrict the power to within the five per cent limit.

It is further contended that the amendment to section 6 of the Hospital act is in conflict with section 13 of arti-

cle 4 of the constitution, because it amends section 1 of the act requiring cities, villages and incorporated towns to submit certain ordinances authorizing the issuing of bonds to the voters, (Hurd's Stat. 1913, p. 466,) and does not refer in the title to such amendment. The act referred to provides that "no ordinance passed by the city council of any city * * * which provides for or authorizes the issue of bonds * * * shall become operative, effective or valid until any such ordinance shall have been submitted to the voters of any such city," etc. The amendment to section 6 of the Hospital act provides that it shall not be necessary to submit the question of issuing the warrants provided for by the amendment to a vote of the people, and therefore it is inconsistent with the above mentioned statute, and its effect is to amend that paragraph by implication so that it shall not apply to the issue of such warrants. Repeals or amendments by implication of previous acts are not necessarily within the prohibition of section 13 of article 4 of the constitution. An act complete in itself does not violate the constitutional provision merely because it repeals, modifies or amends by implication a former act. Any new provision of law may to some extent change the provisions of former statutes, and whenever there is an irreconcilable conflict between two acts, to the extent of the conflict the later act amends the earlier by implication. If the later act is not amendatory in form and is perfect and complete in itself it is not within the prohibition of the constitution. It is not necessary when a new act is passed that all prior acts modified by implication shall be re-enacted and published at length. (*People v. Crossley,* 261 Ill. 78.) The act authorizing the construction of hospitals is an independent act, complete in itself, without any reference to the act requiring ordinances for the issue of bonds to be submitted to a vote of the people, and is not rendered obnoxious to the objection made to it by the incidental modification of the

latter act so as to exempt the warrants provided for, from its requirements.

Assuming the constitutionality of the amendment to section 6 of the Hospital act, the appellant contends that the warrants or vouchers intended to be issued are illegal and void because they would create an indebtedness in excess of the constitutional limit. It is conceded by the demurrer that the city of Moline is indebted to within $46,892 of its constitutional limit. Manifestly, therefore, it cannot constitutionally incur indebtedness in excess of that amount, and if the effect of the issue of the warrants would be to create an indebtedness of the city, their issue would be in violation of the constitution. The appellees contend that they do not create any such indebtedness; that since they are payable out of a special fund, which alone is pledged for their payment, they impose no burden upon the city and do not create a debt within the meaning of the constitution. This is only a variation of the positions taken by the appellants in *Hodges* v. *Crowley,* 186 Ill. 305, *City of Joliet* v. *Alexander,* 194 id. 457, and *Village of East Moline* v. *Pope,* 224 id. 386. In all of these cases it was undertaken to obtain an advance of money for immediate use, which was to be re-paid out of funds raised by taxation without creating indebtedness. In *Hodges* v. *Crowley, supra,* an act was passed authorizing the levy, at one time, of a tax for ten years for the building or repairing of roads subject to overflow and the issue of anticipation warrants for the full amount of the levy based on the assessment of the preceding year. It was held that anticipation warrants could not be issued in the aggregate amount of the tax for ten years so as to relieve the transaction of the character of "becoming indebted" beyond the constitutional limit. In *City of Joliet* v. *Alexander, supra,* it was held that an ordinance of a city for the extension of a system of water-works under the act of 1899, providing that all income from the system

should constitute a water fund, to be used exclusively to meet the expenses of the system and to pay the extension certificates, created a debt, which might be enjoined where the city's debt had already reached the constitutional limit. It was said on page 464: "It does not make any difference that the certificates are payable out of the special fund if the city is the owner of the fund. All its obligations are payable out of some particular fund. The city council is required, in raising money by taxation, to make appropriations, specifying the objects and purposes for which they are made and the amount appropriated for each object and purpose. The money and appropriation raised for one purpose cannot be applied to any other, and the accounts of each fund and appropriation, and the debts and credits belonging thereto, must be kept in a separate account. The debts chargeable to a particular fund are payable only out of that fund, and it makes no difference what fund they are chargeable to or payable out of, if the fund is one which belongs to the city. (Hurd's Stat. 1899, chap. 24, art. 7, p. 282.) The section of the constitution limiting indebtedness provides that at the time of incurring any indebtedness the city shall provide for the collection of a direct annual tax sufficient to pay the interest on the debt as it falls due and to pay and discharge the principal within twenty years from the time of contracting the debt, and every indebtedness is payable from some particular fund." In *Village of East Moline* v. *Pope, supra,* (a case under the same statute of 1899,) it was held that a city indebted up to the limit imposed by the constitution has no power to issue bonds to pay for the construction of a water-works system where such bonds are payable out of the income of the system, or, if such income is insufficient, out of a sinking fund created by levying a tax of one per cent for a certain period of years, and that bonds issued by a municipal corporation are evidence of an indebtedness within the meaning of the con-

stitution, notwithstanding they are made payable out of a special fund to be created by levying a tax for that purpose, only.

The State of Iowa has a constitutional provision similar to ours. This question arose in that State, and in *Swanson* v. *City of Ottumwa,* 59 L. R. A. 620, (118 Iowa, 161,) the Supreme Court of Iowa held that the issue of bonds by a municipality to procure funds for a water supply, which are payable out of a sinking fund to be provided by a special tax upon the property within the municipality and for which there can be no general liability on the part of the city, does not create an indebtedness within the meaning of the constitutional limitation of municipal indebtedness. In that suit brought in the State court it was held that the issue of the bonds could not be enjoined, but the same question was brought before the United States circuit court of appeals in a suit by a non-resident of the State to enjoin the issue of the same bonds, and the latter court, treating the question as one of general law, in which the Federal courts are not bound by State decisions, held that the issue of the bonds would create an indebtedness against the city and affirmed the judgment of the circuit court enjoining their issue. (*City of Ottumwa* v. *City Water Supply Co.* 119 Fed. Rep. 315; 59 L. R. A. 604.) The latter decision is in accord with our own decisions which have been cited.

It follows that the demurrer to the bill was improperly sustained. The city has only the right to issue warrants which, including the indebtedness already existing, will not exceed the constitutional limitation. *Wabash Railroad Co.* v. *People,* 202 Ill. 9.

The decree is reversed and the cause remanded, with directions to overrule the demurrer.

*Reversed and remanded, with directions.*