---

(No. 12330.—Reversed in part and remanded.)
The People *ex rel.* William C. Flick, County Collector, Appellee, *vs.* The Chicago, Burlington and Quincy Railroad Company, Appellant.

*Opinion filed February 18, 1920.*

1. Taxes—*Detention Home act is complete in itself and a tax thereunder need not be levied under section 27 of act relating to counties.* The County Detention Home act is a special act complete in itself and is in no way dependent on any other act for its operation, and where said act has been properly adopted by vote of the people the tax levied thereunder is not void because it was not levied under section 27 of the act relating to counties.

2. Same—*vote to adopt Detention Home act complies with section 8 of article 9 of constitution for tax in excess of limit.* Section 8 of article 9 of the constitution, requiring a vote of the people of a county to authorize a tax in excess of seventy cents per $100 valuation, does not limit the legislature in providing the method by

which a vote to authorize such tax shall be secured, and the adoption of the County Detention Home act by a vote of the people, as provided in section 6 thereof, complies with the constitutional requirement for a vote to levy a tax in excess of the limit.

3. SAME—*only one proposition is presented to the voter at an election for adoption of Detention Home act.* Only one proposition is presented to the voter at an election for the adoption of the County Detention Home act, as the vote is for or against the entire act, and the provision in the proposition for the levy and collection of a tax to provide and maintain such home merely informs the voter that if he votes for the act he votes for the tax which is provided for in the act. (*O'Connor* v. *Board of Education,* 288 Ill. 240, distinguished.)

4. CONSTITUTIONAL LAW—*unless it is unconstitutional the court cannot so construe an act as to nullify it.* Courts have no power, by construction, to nullify an act of the legislature unless the act is unconstitutional, and an act will not be held unconstitutional except in case of clear necessity, where the invalidity is obvious.

DUNN, C. J., and CARTWRIGHT and DUNCAN, JJ., dissenting.

APPEAL from the County Court of LaSalle county; the Hon. HENRY MAYO, Judge, presiding.

J. A. CONNELL, and BOYS, OSBORN & GRIGGS, for appellant.

ELMER E. ROBERTS, and H. M. KELLY, for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellant filed objections in the county court of LaSalle county against judgment for taxes levied against its property in that county. The non-high-school district of LaSalle county levied a tax amounting to sixteen cents on the $100 of assessed valuation of the property in the district. The board of supervisors levied a tax of seventy-five cents on the $100 of assessed valuation of the property in the county, and in addition thereto levied the sum of one mill on the dollar for the maintenance of a county detention home and an additional tax of two mills on the dollar for the establishment and maintenance of a county tuberculosis sanita-

rium. Appellant objected to judgment against its property for the non-high-school district tax, the tuberculosis sanitarium tax and the detention home tax, which objections were overruled, and appellant perfected an appeal to this court.

The objections here raised to the non-high-school district tax were passed upon by this court in *People v. Chicago and Northwestern Railway Co.* 286 Ill. 384, and *People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 288 id. 70, and decided adversely to the contentions of appellant. Those cases are controlling here, and the county court did not err in overruling objections of appellant to the non-high-school district tax.

Appellant's objections to the tuberculosis sanitarium tax were considered in the case of *People* v. *Wabash Railway Co.* 286 Ill. 15, where such tax in excess of seventy-five cents on the $100 valuation was declared to be unauthorized. That case is controlling here, and the county court should have sustained the objections of appellant to the tuberculosis sanitarium tax.

The objection to the detention home tax is, that it is unauthorized and in violation of section 8 of article 9 of the constitution, which provides: "County authorities shall never assess taxes, the aggregate of which shall exceed seventy-five cents per $100 valuation, except for the payment of indebtedness existing at the adoption of this constitution, unless authorized by vote of the people of the county." It is also urged that no action was taken by the county board, as required by section 27 of chapter 34 of the Revised Statutes, requiring that whenever the county board shall deem it necessary to assess taxes the aggregate of which shall exceed the rate of seventy-five cents on the $100 valuation of the county, the county board shall enter an order of record substantially setting forth the amount of excess, the purpose for which it will be required, the number of years such excess will be required to be levied, etc.,

and that such tax shall be submitted to a vote of the people. Appellant contends that for the non-compliance with this section the tax is void.

The objection that the levy of the tax, aside from the seventy-five cents allowed for general county purposes, is void because of non-compliance with said section 27, proceeds on the erroneous theory that the detention home tax is to be considered as a tax levied by authority of the general taxing laws for county purposes. The Detention Home act is a special act complete in itself, and if a vote of the people adopting the act has the effect of authorizing the levy of a tax aside from seventy-five cents on the $100 valuation allowed by the constitution for county purposes the tax is valid. Section 27 has nothing to do with the levy of the detention home tax. The county board does not submit this tax to the people as it does taxes to be voted upon under section 27, the proposition to be voted upon under the Detention Home act being submitted by the county judge. The act relating to counties and the Detention Home act are separate acts of the legislature. Chapter 34 is a general act. The Detention Home act is a special act passed for one purpose. It follows that it is no objection to the validity of this tax that the county authorities did not comply with section 27 of the Counties act in levying this tax.

The County Detention Home act is entitled "An act to authorize county authorities to establish and maintain a detention home for the temporary care and custody of dependent, delinquent or truant children, and to levy and collect a tax to pay the cost of its establishment and maintenance." (Hurd's Stat. 1917, p. 275.) Section 1 of that act empowers the county authorities to purchase a site and provide, establish and maintain a detention home for the temporary care of dependent, delinquent or truant children, and provides that the county authorities shall have power "to levy and collect a tax to pay the cost of its establishment and maintenance in accordance with the terms and provi-

sions of this act: *Provided,* this act be adopted by the legal
voters of such county, as hereinafter provided." It will be
observed from section 1 that the power of the county au-
thorities to erect or maintain a detention home and to levy
a tax therefor is derived from the act only after its adop-
tion by the legal voters of the county. Section 5 of the
act is as follows: "The board of county commissioners,
or the board of supervisors, as the case may be, of any
county, shall have the power and authority, in addition to
taxes levied and collected for other county purposes, and in
addition to the seventy-five cents per $100 valuation limit
of taxation, now provided for county purposes to annually
levy and collect a tax not exceeding one mill on the dollar
valuation upon all property within the county for the pur-
pose of purchasing, erecting, leasing or otherwise provid-
ing, establishing, supporting and maintaining such detention
home: *Provided,* this act shall be adopted and the levy and
collection of such tax authorized by the legal voters of the
county in the manner provided by section 6 of this act."

It will be observed that section 5 in express terms pro-
vides for the levy of a tax, aside from and in addition to
the tax allowed for county purposes by the constitution,
when the people authorize such tax by a vote adopting
the act, as provided by section 6. The constitution does
not prescribe the method by which the authorization for
such tax shall be secured, except to say that it shall be by
a vote of the people of the county. Therefore, if section 6
provides a means whereby the voters, by adopting the act,
may be fairly said to have authorized the tax, then the
requirements of section 8 of article 9 of the constitution
have been met, and the county authorities are by the act
then authorized to levy such tax to the extent of one mill,
without regard to whether or not they have levied taxes to
the extent of seventy-five cents on the $100 valuation for
general county purposes. Section 6 provides that whenever
legal voters of the county to the number of twenty-five per

cent of the votes cast at the last general election shall peti-
tion the county judge "to submit the proposition whether
or not the electors shall adopt this act, it shall be the duty
of the county judge to submit such proposition at the next
general election," and "if the majority of the votes cast for
and against such proposition shall be for such proposition
the act shall be adopted." This section then expressly pro-
vides that when the act is adopted "the tax provided for
in the act shall thereafter be annually levied and collected
in such county for the purposes specified in this act, until
such time as the legal voters of the county shall abandon
this act in manner provided in section 7 of this act."

The ballot upon which the proposition for the adoption
of the act is submitted is as follows:

| For adoption of the act to authorize county authorities to establish and maintain a detention home for dependent delinquent or truant children, and to levy and collect a tax of not exceeding one mill on the dollar valuation, to pay the cost of its establishment and maintenance. | Yes. | |
|---|---|---|
| | No. | |

It is admitted in this case that the act has been complied
with, and the question remains whether or not the adoption
of the act, as provided in section 6 thereof, is an authoriza-
tion by a vote of the people for the levy of the tax, as re-
quired by section 8 of article 9 of the constitution. There
appear to have been no cases arising in this State where
this question has been decided. In *People* v. *Wabash Rail-
way Co. supra,* cited by appellant as authority sustaining
its contention, it was held that the act authorizing counties
to establish and maintain tuberculosis sanitariums and to
levy a tax therefor, did not by its language authorize the
levy of a tax in excess of the constitutional limitation by
the vote of the people provided for in the act. The ques-
tion involved in this case did not arise there. The case of
*Peoria and Pekin Union Railway Co.* v. *People,* 198 Ill. 318,
cited by appellant, is likewise not in point. In that case

there was a resolution passed by the county board providing for the raising of the sum of about $100,000, and the county clerk, without authority, in preparing the ballots provided for the raising of such additional taxes as were needed. The indebtedness sought to be met was $132,000. This court there decided that the resolution of the board to submit to a vote the levy of taxes of about $100,000 did not justify the levy of taxes amounting to $132,000, and that the form of the ballot did not affect the question of the power to levy such tax. It will be seen that that case can have no bearing upon whether or not the adoption of a special act complete in itself authorizes the levy of a tax in excess of the constitutional limitation, where such act specifically provides that it may be so levied when adopted by a vote. In the case of *Hodges* v. *Crowley,* 186 Ill. 305, the county board levied a tax for the period of ten years and drew anticipation warrants against what it estimated the total of such levy would produce. The court in that case held that the county had no authority to levy a tax for ten years in the future, and that such tax indirectly increased the indebtedness of the county beyond the constitutional limit. That case likewise is of no assistance in determining the question presented here.

The fact that the constitution requires a vote of the people to authorize such tax presupposes that a method of securing such vote will be devised by the legislature. This has been done here. There is nothing in the constitution which limits the legislature in providing the method by which a vote to authorize such tax shall be secured, and it cannot be doubted that that body had power to provide for such authorization by the method prescribed in the act. It seems clear that the legislature, in requiring adoption of the act by vote before it should become effective, intended that such vote should be the authorization of the levy of this particular tax, as required by the constitution, as the legislature could, had it seen fit, have granted power to the

county authorities to establish a detention home and maintain the same within the general taxes for county purposes, as limited by the constitution, without a vote of the people. This intention is further manifested by the provision of the section authorizing the tax, that the act shall first be adopted and the tax authorized by a vote of the people. Here the vote was to adopt the act. If any part of the act was adopted, all parts which the legislature had power to enact were adopted and all things therein provided for were authorized. This seems axiomatic and to require no argument. Any voter voting on the proposition voted for or against the adoption of the act and thereby voted for or against the adoption of all sections of the act, including section 5, which provides the taxing power in question. The act itself by that section gave notice, in terms, that a vote for its adoption was a vote to grant to the county authorities "the power and authority, in addition to taxes levied and collected for other county purposes, and in addition to the seventy-five cents per $100 valuation limit of taxation, now provided for county purposes to annually levy and collect a tax," etc., when the act "shall be adopted and the levy and collection of such tax authorized by the legal voters of the county in the manner provided by section 6 of this act."

Nor can this language be construed to mean that this tax is authorized only when taxes for other county purposes have been levied to the constitutional limit, for by its terms it is a grant of power to levy a tax to the extent of one mill on the dollar valuation in addition to the taxing power already possessed by county authorities. Whether the full mill tax shall be levied is left to the discretion of the county board, and whether this tax shall be in excess of the constitutional limitation will depend upon whether the tax for other county purposes amounts to seventy-five cents on the $100 valuation. The mention of the tax in the ballot therefore served only to give additional notice to the voter that

this act, when adopted, would grant this additional power
to levy and collect a tax. To hold that such a vote au-
thorizes the establishment and maintenance of a home but
does not authorize the tax would be to hold that the peo-
ple adopted but a part of the act, and since the only au-
thority to levy a tax for the establishment and maintenance
of a detention home is to be found in the act, the effect
of such a holding would be to nullify the act. Courts have
no power to nullify an act of the legislature unless such
act is unconstitutional. It is furthermore the rule that acts
of the legislature should not be held unconstitutional except
in cases of clear necessity, in which cases it must appear
that the act is obviously in conflict with the constitution.
(*People* v. *School Directors,* 267 Ill. 172; *People* v. *Mc-
Bride,* 234 id. 146; *People* v. *Peacock,* 98 id. 172.) This
rule applies with particular force here, where to hold this
law invalid would result in the destruction of institutions
engaged in the work of caring for and training dependent
and delinquent children,—a work of highest importance to
the welfare of the State. To say that the voters did not
have notice of a provision of this act because it was not
set out in the ballot would lead to absurd consequences, for
by such reasoning it would be necessary to set out the en-
tire act in the ballot.

Nor is this a case where the voter is called upon to vote
on two propositions, as was the case in *O'Connor* v. *Board
of Education,* 288 Ill. 240. In that case the proposition
put to the voters was whether or not the construction of
a new school building upon a new site later to be selected
should be authorized. It was there held that the voter was
confronted by two propositions in such a manner that a
voter desiring to vote for one and against the other had
not an equal opportunity and influence with the voter who
either favored or opposed both of the propositions submit-
ted. That case is to be distinguished from the case at bar.
In the instant case a method is set out in an act of the

legislature for the erection and maintenance of a detention home. There is no other method provided by law for establishing and maintaining a detention home in this State. When the voter is presented with a ballot at the election under this act but one proposition is presented to him, and that is the adoption of the act. The fact that the act authorizes this tax and that the ballot also contains the words "and to levy and collect a tax," etc., does not present two propositions to be voted upon, for the reason that the authority to levy such tax is by express words of the act provided for and is thereby included in the proposition to adopt the act. These words on the ballot can have only the purpose of calling to the voter's mind the fact that by voting for the adoption of the act he is authorizing such tax as one of the results of such adoption. To hold that because the tax is mentioned on the ballot two propositions are presented to the voter here would be to say that a ballot used in the vote on the adoption of any act presents two propositions where reference is made on the ballot to an important provision of such act. The statutes contain a number of laws with a referendum feature, in which the ballot used refers, for purpose of more specific notice, to some important feature of such law, yet it cannot be said that because of that fact the feature of the act included in the ballot presents one proposition to the voter, while the adoption of the whole act, including such feature, presents a second proposition. You cannot have two separate propositions where one is necessarily included in the other. It will be seen, therefore, that the ballot in question did not present two propositions to the voter.

It will be seen from the various provisions of the act that it is complete within itself and in no way dependent upon any other act for its operation. It authorizes the establishment and maintenance of the home, fixes the limit of tax which may be levied to one mill on the dollar aside from that levied for general county purposes, even though

such general county tax reaches the limit of seventy-five cents, and provides that it shall be levied annually until the act is abandoned. Section 7 provides that the abandonment of the act and the tax shall be effected by a vote so to do, said section thereby designating the duration of the term for which such tax is to be levied. In adopting this act the people of LaSalle county did not vote to come under the provisions of any general law, but voted for the adoption of a special act complete in itself. It was evidently the intention of the legislature that where the people of a county desired to do so, they could by adopting this act establish and maintain a detention home to assist the juvenile court of that county in caring for dependent and delinquent children, and that when such home is established, its maintenance should not be subjected to the possibility of being crowded out by other county purposes, and we cannot presume that when the voters of LaSalle county voted to adopt the act they had any other or different intent or purpose.

We are of the opinion, for the reasons herein expressed, that by the vote adopting this act the provision of section 8 of article 9 of the constitution, requiring an authorization of a tax by a vote of the people of the county, was met. The county court of LaSalle county therefore properly overruled the objections of appellant to the detention home tax.

The judgment of the county court will therefore be affirmed as to the non-high-school tax and the detention home tax and reversed as to the tuberculosis sanitarium tax and the cause remanded to that court, with directions to enter an order sustaining the objections of the appellant to said last named tax.

*Reversed in part and remanded, with directions.*

DUNN, C. J., and CARTWRIGHT and DUNCAN, JJ., dissenting.