(No. 14159.—Judgment affirmed.)

THE PEOPLE ex rel. George M. Reynolds, County Collector, Appellant, vs. THE ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY, Appellee.

*Opinion filed December 22, 1921.*

1. TAXES—*Detention Home act leaves method of levying tax to the provisions of Revenue law.* Section 5 of the Detention Home act, as amended in 1919, confers upon the county board, when the act is adopted by vote, power to levy a tax for county purposes in addition to that provided for by the Revenue law for other county purposes; but the Detention Home act does not provide the manner of levying, extending or collecting the tax, and it leaves such matters to the provisions of the Revenue law.

2. SAME—*what may be included in tax levied to establish detention home.* A tax levied under the Detention Home act for the establishment of such home includes the purchasing, erecting, leasing or otherwise providing for the home, and such tax may be used to enlarge, improve or add to the home; but the purpose of establishing such home must not be confused with that of maintenance, which involves those things having to do with carrying on the business for which the home is built or established.

3. SAME—*amounts for establishment and maintenance of detention home must be levied separately.* As the tax-payer has a right to know what amounts are being levied by the county for the different purposes in connection with any public institution, a tax levied under the Detention Home act must state in separate amounts the sums required for the establishment and for the maintenance of such home, but these separate amounts need not be itemized.

4. WORDS AND PHRASES—*meaning of the word "establish."* The word "establish," in the ordinary definition of the term, means to create, institute or build, and it does not have the same meaning as the word "maintain."

APPEAL from the County Court of LaSalle county; the Hon. HARRY RECK, Judge, presiding.

ELMER E. ROBERTS, and H. M. KELLY, for appellant.

HOMER W. DAVIS, and JOHN R. ONG, for appellee.

Mr. CHIEF JUSTICE STONE delivered the opinion of the court:

Appellee filed its objection in the county court of La-Salle county to the tax levied by the county board for the establishment and maintenance of the LaSalle county detention home. The tax was computed at the rate of one mill on the dollar valuation, and appellee's tax amounted to $876.63. By stipulation of the parties the amount was abated one-third, owing to the amendment of the Detention Home act of 1919 reducing the rate to two-thirds of a mill. The cause was heard on the objection to $584.42 balance of the tax. The county court sustained the objection and abated the tax.

Appellee contends that the levy of a tax for the establishment and maintenance of a detention home should separate the items for the establishment from those for the maintenance of such home. The only question in this record is whether or not in the levy of the tax these two items should be separated.

Section 5 of the Detention Home act, as amended in 1919, conferred upon the county board the power to levy a tax for county purposes in addition to that provided for by the Revenue law, and it was held in *People* v. *Chicago, Burlington and Quincy Railroad Co.* 291 Ill. 502, that the vote of the people adopting the act empowered the county board to levy the tax in addition to that authorized for other county purposes. The act does not prescribe the manner in which the tax shall be levied, and the case cited is not to be construed as so holding, or as deciding that section 5 in any way amended the Revenue law in that regard. While the act is complete in itself and provides the manner in which such tax may be authorized and that the power to levy the same shall be vested in the county board,—and this without regard to the provisions of section 27 of the Revenue act,—it does not provide the manner of levying,

extending or collecting the tax but leaves such matters to the provisions of the Revenue law.

Section 121 of the Revenue act provides as to the levying of a tax, that "when for several purposes the amount for said purposes shall be stated separately." The terms "establish" and "maintain" do not mean one and the same thing. The term "establish" must be given its ordinary definition, in the absence of language showing that a special meaning is intended. To establish means to create, to institute, to build. While a tax levied under the act for the establishment of a detention home would include purchasing, erecting, leasing and otherwise providing, and such tax could be used to enlarge, improve or add to such home, such purpose must not be confused with that of maintenance.

*Caldwell* v. *City of Alton*, 33 Ill. 416, is not, as is thought, authority for the position that "establish" and "maintain" are one and the same thing. That case holds that the power to "establish and regulate" means the power to do two things: First, to purchase the site and erect and provide the buildings necessary for the operation of the institution; and second, to provide the necessary rules for such operation when it is established. The purposes are not one. The maintenance of a detention home involves those things having to do with carrying on the business for which it is built or established. "Maintain" and "operate" have been held to have the same meaning when used in connection with a public institution. *People* v. *Clark*, 296 Ill. 46; *People* v. *Chicago and Alton Railway Co.* 289 id. 282.

The tax-payer has a right to know what amounts are being levied for the different purposes in connection with any public institution. (*People* v. *Klee*, 282 Ill. 440.) This does not mean that the amount to be used for establishing and that to be used for maintenance must be itemized, but these two amounts should be levied separately, in order that the tax-payer may know whether or not the amount levied for either purpose is excessive. This in nowise interferes

3CO—27

with the fulfillment of the purposes of such a home, as the county board is in no way restricted in determining the amount or the part of the tax authorized by law which shall be levied for and devoted to each purpose. These items should have been separated.

The county court did not err in sustaining the objection urged.

*Judgment affirmed.*