(No. 15141.—Reversed in part and remanded.)

THE PEOPLE *ex rel.* Herbert N. Bloomquist, County Collector, Appellant, *vs.* THE CHICAGO, BURLINGTON AND QUINCY RAILROAD COMPANY *et al.* Appellees.

*Opinion filed February 21, 1923—Rehearing denied April 6, 1923.*

1. TAXES—*paragraph 6 of section 25 of the Counties act, as amended in 1921, is valid.* Paragraph 6 of section 25 of the Counties act, as amended in 1921, is not void for want of uniformity and does not violate the provision of section 13 of article 4 of the constitution in regard to amendments. (*People* v. *New York Central Railroad Co.* 305 Ill. 434, and *People* v. *Chicago and Eastern Illinois Railway Co.* 306 id. 402, followed.)

2. SAME—*an additional tax for maintenance of State aid roads need not be itemized.* An additional or excess tax for maintenance of State aid roads is a special tax and need not be itemized, as required by section 121 of the Revenue act. (*People* v. *New York Central Railroad Co.* 305 Ill. 434, followed.)

3. SAME—*street and bridge tax cannot be levied in excess of the rate for city purposes.* The act of June 30, 1919, (Laws of 1919, p. 731,) does not authorize a city, whose corporate limits are co-extensive with the town, to levy a tax for street and bridge purposes in excess of the rate authorized by law for corporate purposes. (*People* v. *Louisville and Nashville Railroad Co. ante,* p. 173, followed.)

APPEAL from the County Court of Knox county; the Hon. C. M. HUEY, Judge, presiding.

A. J. BOUTELLE, HARDY & HARDY, and C. L. OGDEN, for appellant.

HOMER W. DAVIS, J. A. CONNELL, and WILLIAMS, LAWRENCE, GREEN & GALE, for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

Upon application of the county treasurer of Knox county for judgment and sale of lands to pay delinquent taxes the appellees objected to the levy of fourteen cents excess over the fifty cents for county purposes for improv-

ing and maintaining State aid roads, which was levied as a county tax. The court sustained this objection. The ground of this objection is, that paragraph 6 of section 25 of the Counties act, as amended in 1921, is unconstitutional and void for want of uniformity. This objection has been otherwise decided in *People* v. *New York Central Railroad Co.* 305 Ill. 434.

It is urged that the act of June 24, 1921, amending paragraph 6 of section 25 of the Counties act violates section 13 of article 4 of the constitution because the sections amended were not inserted at length in the new act. This contention has been disposed of in *People* v. *Chicago and Eastern Illinois Railway Co.* 306 Ill. 402.

It is objected that the excess for maintenance of State aid road was not itemized, as required by section 121 of the Revenue act. Under the holding of this court in *People* v. *New York Central Railroad Co. supra,* this is a special tax and does not need to be itemized.

The county court erred in sustaining the objections to this tax.

Appellees objected to an item of $26,994 levied by the city of Galesburg for a street and bridge tax in excess of $1.33⅓ on each $100 valuation of the total assessed property of the city. The court sustained this objection. The city limits of the city of Galesburg are co-extensive with the town of Galesburg. It is contended by the People that the city for that reason is authorized to levy a tax for street and bridge purposes of not to exceed twenty-four cents on each $100 on all taxable property in the city, and counsel cite an act of the legislature authorizing cities so situated to levy a street and bridge tax, approved June 30, 1919. (Laws of 1919, p. 731.) This act was considered by this court in *People* v. *Louisville and Nashville Railroad Co.* (*ante,* p. 173,) and it was held that it did not authorize a levy of a street and bridge tax in excess of the rate authorized by law for corporate purposes. That holding controls

here. The county court did not err in sustaining the objections to this excess tax.

For the foregoing reasons the judgment of the county court is affirmed as to the excess tax for street and bridge purposes and reversed as to the State aid road tax, and the cause is remanded, with directions to overrule the objections and enter judgment as required by law.

*Reversed in part and remanded.*