(No. 30028.—

THE PEOPLE *ex rel.* D. A. Prindable, County Collector, Appellant, *vs.* NEW YORK CENTRAL RAILROAD COMPANY *et al.,* Appellees.

\ *Opinion filed May 22, 1947.*

LOUIS P. ZERWECK, State's Attorney, of Belleville, (KEVIN KANE, of East St. Louis, of counsel,) for appellant.

FARTHING, FARTHING & FEICKERT, of Belleville, for appellees.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

This is an appeal from an order of the county court of St. Clair county, sustaining the objections of the appellees to the county highway levy for that county and entering a judgment against the county collector of the county in that regard.

The agreed statement of facts shows that the county treasurer and *ex-officio* county collector of St. Clair county,

filed his application for judgment and order. for sale of real estate for delinquent 1944 taxes and for the determination of the correct amount of taxes paid under protest. Included in the taxes levied by the county was the following: "For the purpose of improving, constructing, maintaining and repairing the highways required to be improved, constructed, maintained and repaired by the County as provided by Sections 12, 13 and 14 of, 'An Act in relation to State Highways' approved June 21, 1921, as amended."

The appellees herein filed objections to this levy, alleging that it was void *in toto* because it was for more than one purpose.

The pertinent provisions of the law involved here are section 156 of the Revenue Act (Ill. Rev. Stat. 1943, chap. 120, par. 637,) and section 14 of the act in relation to State· highways. (Ill. Rev. Stat. 1943, chap. 121, par. 304.) Section 156 of the Revenue Act provides that the county boards of counties containing less than 500,000 inhabitants shall annually determine the amount of all county taxes to be raised for all purposes. When for several purposes, the amount for each purpose must be stated separately. Section 14 of the act in relation to State highways provides that the county board shall have the power to levy an annual tax, to be known as "county highway tax," "for the purpose of improving," maintaining and repairing the highways required to be improved, maintained and repaired by the county, as provided in sections 12 and 13 of this Act." It is admitted by all of the parties hereto that the tax could be levied without a vote of the residents of the county and that the tax had to be levied in accordance with the provisions of the Revenue Act.

The sole question before this court is whether or not the levy of the county of St. Clair is for a single or for separate purposes and whether or not such levy is in ac-

cordance with the provisions of the Revenue Act and the State Highways Act.

The appellant, in his brief, states that the county, in conformity with the statute, levied a tax for the improvement and maintenance of the highways in St. Clair county required to be improved, maintained and repaired. He claims that this levy was almost in the language of the statute itself and consequently cannot be misinterpreted. The same brief cites *People ex rel. Bothfuhr* v. *New York Central Railroad Co.* 305 Ill. 434, as authority for the fact that a levy made for the improvement and maintenance of the State-aid roads was for a single purpose under the statute.

The appellees argue, however, that the levy here is for more than a single purpose and that under the law the amount for each purpose must be stated separately. They cite *People ex rel. Gill* v. *Devine Realty Trust,* 366 Ill. 418, and *People ex rel. Reynolds* v. *Atchison, Topeka and Santa Fe Railway Co.* 300 Ill. 415, as authority for the rule of law that where the expenditures for current expenses from year to year are for different purposes they must be stated separately under the statute.

It is obvious that the collector, in his argument, is assuming that the word "construct" is a synonymous term with "improving, maintaining and repairing." The appellees argue that "construct" is something else requiring a capital outlay.

It is to be noted that the State Highways Act (Ill. Rev. Stat. 1943, chap. 121, par. 304,) provides for a levy "for the purpose of improving, maintaining and repairing the highways." The item objected to, as levied by the county, states "for the purpose of improving, constructing, maintaining and repairing the highways required to be improved, constructed, maintained and repaired." There could be no argument if the levy of the county omitted

the use of the word "constructing," for then the item levied would be in the language of the statute itself. It is only necessary to determine, then, whether or not the addition of the word "constructing" adds a separate purpose to the levy which would require an itemization under the Revenue Act.

Under the accepted terminology it cannot be said that "construct" is synonymous with "repair," "improve," or "maintain." Webster's New International Dictionary gives the following definition of "construct:" "To put together the constituent parts of (something) in their proper place and order; to build; form; make; as, to construct an edifice." The accepted common meaning of the word in its everyday usage is to build. It is obvious that to build requires a capital outlay occurring but once. Only after something is fabricated or built can the words "repair," "improve," or "maintain" have any effect or usage. The building of a highway is something different from the repair or maintenance of such road after it comes into being.

The fallacy in the appellant's position is that he ignores the effect of the word "construct" in his citation of cases. *People ex rel. Bloomquist* v. *Chicago, Burlington and Quincy Railroad Co.* 307 Ill. 298, cited by the appellant herein, was based, among other things, on whether or not a levy made for the improvement and maintenance of State-aid roads was for a single purpose. The court there held only that a levy for the improvement and maintenance of a highway included material for that purpose, and procuring material was included in the single purpose for which the highway tax was levied. We are not faced here with the same situation. It is admitted that a levy for improvement and maintenance would be within the language of the statute and the statute itself provides for the acquisition of materials.

In *People* v. *Devine Realty Trust,* 366 Ill. 418, the court was faced with the construction of a levy ordinance

"for the purpose of creating, constructing and maintaining a zoological park." After restating the law that levies for different purposes must be separated as to the amount levied for each distinct purpose, we held that the levy as set out was fatally defective in not separating the amount levied for "constructing" as distinguished from "maintaining." A similar holding can be found in *People* v. *Atchison, Topeka and Santa Fe Railway Co.* 300 Ill. 415.

In these decisions it is obvious that this court has previously recognized the difference between the meaning of the word "construct" and terms synonymous with "improvement, repair and maintenance." Under these decisions and for the reasons stated herein, we cannot say that the improvement, maintenance and repair of highways have the same meaning as the construction of a highway. We therefore hold that the word "construction" amounts to a separate purpose under the Revenue Act.

For the reasons stated, the judgment and order of the county court of St. Clair county sustaining the objections as to the county highway tax were correct, and said order and judgment of the county court are therefore affirmed.

*Judgment affirmed.*