(No. 13623.—Reversed and remanded.)

THE PEOPLE *ex rel.* M. P. Murray, County Collector, Appellee, *vs.* THE CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY, Appellant.

*Opinion filed December 21, 1920.*

1. TAXES—*limitation by the legislature on total rate for county taxes is binding.* A valid limitation made by the General Assembly on the total rate which may be levied for county taxes is as binding upon county authorities as though the limitation were fixed by the constitution.

2. SAME—*tax for a mothers' pension fund must be included in fifty cent rate in absence of vote.* The provision of the Mothers' Pension Fund act that the tax shall be in addition to other county taxes does not authorize the levy of a mothers' pension fund tax in addition to the fifty cent total rate fixed for county taxes by the amendments to the Revenue law in 1919 unless it is authorized by a vote of the electors.

3. SAME—*limitation in section 189 of Revenue act is on the aggregate rate for educational and building purposes.* The limitation

in section 189 of the Revenue law as amended in 1919 (Laws of 1919, p. 856,) is on the aggregate rate for educational and building purposes, and school authorities, under the vote therein provided for, may levy up to one per cent for building purposes, provided the aggregate rate for educational and building purposes does not exceed two and two-thirds per cent.

APPEAL from the County Court of St. Clair county; the Hon. JOSEPH B. MESSICK, Judge, presiding.

S. W. BAXTER, D. E. KEEFE, and JOSIAH WHITNEL, (L. J. HACKNEY, and S. W. MERRELL, of counsel,) for appellant.

HERBERT E. SCHAUMLEFFEL, State's Attorney, (KRAMER, KRAMER & CAMPBELL, and A. B. DAVIS, of counsel,) for appellee.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

The county clerk of St. Clair county extended a tax rate of fifty-three cents on the $100 of the assessed valuation for county purposes. He also extended a rate of $2.59 as a school tax for school district No. 189, in said county, for both educational and building purposes. The certificate of levy for the school district calls for $500,000 for educational and $211,000 for building purposes. A rate of $1.82 on the $100 produces the amount required to be levied for educational purposes. The amount levied for building purposes requires a rate of seventy-seven cents. Appellant, the Cleveland, Cincinnati, Chicago and St. Louis Railway Company, filed objections to the county tax in excess of the rate of fifty cents, the amount being $58.45. Appellant also filed objections to ten and one-third cents of the $2.59 rate levied for school purposes. The court overruled both of appellant's objections and entered judgment and order of sale against its property in the county and in the school district.

Three cents of the county tax aforesaid was levied by the county authorities for the mothers' pension fund. The remaining fifty cents levied was for all other county purposes. The question for decision as to the county tax is the legal question whether or not under our present Revenue act the mothers' pension fund tax levied by county authorities may be levied in addition to fifty cents, the maximum limitation for all county taxes when no referendum vote of the people has authorized a tax in excess of the limitation fixed by the legislature and where no indebtedness existed at the adoption of the constitution.

Clause 6 of section 25 of the act entitled "An act to revise the law in relation to counties," as amended June 30, 1919, provides that taxes for county purposes, including all purposes for which money may be raised by the county by taxation, shall not exceed fifty cents on the $100 valuation, and in addition thereto an annual tax not exceeding sixty-six and two-thirds cents on the $100 for the purpose of paying the interest and principal of indebtedness existing at the time of the adoption of the constitution. Section 27 of the same act, amended at the same time, provides that whenever the county board shall deem it necessary to assess taxes the aggregate of which shall exceed the rate of fifty cents per $100, except for indebtedness existing at the adoption of the constitution, it may by an order entered of record set forth substantially the amount of such excess required, the purpose for which the same will be required, the number of years such excess will be required to be levied, and if for the payment of interest or principal upon bonds, shall in a general way designate the bonds and specify the number of years such excess will be required, and provide for the submission of the question of assessing the additional rate required to a vote of the people of the county at the next election, etc. (Laws of 1919, p. 740.) The Juul law with reference to scaling taxes was also amended at the same time, and at the same time our Rev-

enue act was further amended so that all taxes should be
levied on one-half of the full valuation of the taxable prop-
erty instead of on one-third valuation, as provided in the
old law.

Section 16 of the Mothers' Pension act, approved June
30, 1919, (Laws of 1919, p. 781,) provides that in coun-
ties having a population of not more than 300,000 the tax
for the mothers' pension fund shall be in addition to all
other taxes which counties are now or hereafter may be
authorized to levy, and that the county clerk, in reducing
tax levies under the provisions of section 2 of the Juul
law, shall not consider the tax for the mothers' pension
fund as a part of the general tax levy for county purposes,
and shall not include the same in the limitation of two
per cent of the assessed valuation upon which taxes are
required to be extended.

All of the foregoing acts being passed and approved on
the same day and relating to the same subject matter will
be assumed to have been enacted at the same time and are
to be construed as one act. Such construction should be
given them, if possible, as will leave all to stand. *Territory
v. Wingfield,* 2 Ariz. 305.

County authorities must have express authority, either
under the constitution or an act of the legislature, to levy
and collect taxes, and they have no right to levy taxes for
county purposes at a rate exceeding the limitation fixed by
either the constitution or an act of the legislature. A valid
limitation fixed by the legislature is just as binding upon
municipal authorities as is that fixed by the constitution.
(*People* v. *Hoerr,* 294 Ill. 338.) In the case just cited this
court held that the several sections of the Revenue law, and
said sections 25 and 27, were amended for the purpose of
giving to municipalities increased power of creating obli-
gations of indebtedness and at the same time permit just
the same amount of taxes to be collected under the present
rate of fifty cents as could be collected under the old rate

of seventy-five cents. By the provisions of sections·25 and 27, as amended, county authorities are absolutely limited to the levying for all county purposes of a rate not exceeding fifty cents unless the excess rate is permitted by a vote of the people. No such vote has been had in St. Clair county with reference to the tax now in question. The tax for the mothers' pension fund is itself a county tax and has been held to be such by this court. (*People* v. *Cairo, Vincennes and Chicago Railway Co.* 266 Ill. 557; *People* v. *Chicago, Lake Shore and Eastern Railway Co.* 270 id. 477.) The three cents excess tax in question is illegal unless the provision of the Mothers' Pension act is to be construed as giving authority to county authorities to levy a tax thereunder in excess of the fifty cent limitation.

Section 16 of the Mothers' Pension act, as amended, does not in any way authorize the county authorities to assess the tax under that act in addition to the fifty cent rate allowed for all county taxes. The tax is to be levied "in addition to all other taxes" which counties are now authorized to levy. The county authorities are only authorized to levy fifty cents for all county purposes, including the mothers' pension tax and tax for tuberculosis sanitariums, both of which latter taxes are clearly county taxes. The words, "all other taxes which such county is now" authorized to levy, as used in section 16 of the Mothers' Pension act, mean all other taxes levied for county purposes, including taxes levied for tuberculosis sanitariums and excluding taxes for the mothers' pension fund. These same quoted words are also used in a similar amendment to the Tuberculosis Sanitarium act, and in that amendment those words mean all other county taxes, including taxes for mothers' pensions and excluding tuberculosis sanitarium taxes. (*People* v. *Chicago, Burlington and Quincy Railroad Co. ante,* p. 191.) It is quite clear when the Mothers' Pension act and the Tuberculosis Sanitarium act are both considered, that there is no intent expressed by the legis-

lature in either act to permit the levying of those taxes in addition to the fifty cent rate allowed as a maximum tax rate for all county purposes when no referendum vote of the people is had. To so hold would be equivalent to holding outright that the tax for the mothers' pension fund and the tax for the tuberculosis sanitarium are not county taxes, contrary to all our holdings heretofore and contrary to the facts.

In accordance with our holding with reference to the tax for tuberculosis sanitariums, (*People* v. *Chicago, Burlington and Quincy Railroad Co. supra,*) and for the same reasons, we hold that the tax for the mothers' pension fund must be levied within the fifty cent limitation for county purposes and not in addition to it. The mothers' pension fund is a county tax and is to be so considered at all times, except in the scaling process under the Juul law. It is not subject to the scaling process but is to be included in full within the fifty cent limit, and that is the meaning of section 16 as amended.

In April, 1919, as the record shows, a proposition was submitted to the electors in school district No. 189 authorizing the board of education to levy additional taxes for educational purposes in the amount of three per cent upon the assessed valuation of the taxable property in the district, and that proposition carried. The legality of the school tax in question, under the facts proved, depends entirely upon the construction to be placed upon section 189 of "An act to establish and maintain a system of free schools," as amended in 1919. That section as amended provides: "For the purpose of establishing and supporting free schools for not less than seven months in each year and defraying all the expenses of the same of every description, * * * the board of education * * * shall be authorized to lexy a tax annually upon all the taxable property of the district * * * not to exceed, except as hereinafter stated, one per cent for educational purposes

and one per cent for building purposes, upon the valuation to be ascertained by the last assessment for State and county taxes. * * * But if the directors or board of education in any district shall desire to levy or cause to be levied more than one per cent for educational purposes, such directors or board may levy or cause to be levied annually for educational purposes, a tax in excess of one per cent, but not more than one and one-third per cent, and for building purposes such a percentage that the aggregate levy shall not exceed two per cent: *Provided, however,* that if the directors or board of education in any district * * * shall desire to levy or have levied more than one and one-third per cent, but not more than two per cent for educational purposes, such directors or board may, by resolution stating the percentages so desired, cause a proposition for an assent thereto to be submitted to the voters of such district at any general or school election, * * * and if at such election a majority of the votes cast on said proposition shall be in favor thereof, the directors or the board of education of such district may thereafter * * * levy or cause to be levied annually for educational purposes a tax in excess of one and one-third per cent but not exceeding the percentage mentioned in said proposition, and for building purposes such a percentage not exceeding one per cent that the aggregate levy for both educational and building purposes shall not exceed two and two-thirds per cent, * * * and such directors or board of education shall levy * * * no tax in excess of one and one-third per cent for educational purposes that shall not be authorized by the voters of the district at an election as herein provided." (Laws of 1919, p. 856.)

Appellant's contention is that the limitations contained in section 189 are separate limitations, under all circumstances, on the amount that may be levied for educational purposes and the amount that may be levied for building purposes. It contends that the limitation for building pur-

poses was cut by the amendment aforesaid to sixty-six and two-thirds cents on the $100 valuation, and that as $1.82 was the rate required to raise the $500,000 levied for educational purposes, the aggregate rate permitted under the amendment would be $2.48⅔ on the $100, which, when deducted from the $2.59 rate extended by the clerk, showed an excess rate of ten and one-third cents for building purposes.

By the amendment above set forth the rate is limited to two per cent instead of three per cent, as provided by the old law, but the section as amended provides that if the vote by the people carries, as it did in this case, the board of education or the school directors may levy for educational purposes not to exceed two per cent annually and for building purposes not to exceed one per cent, so that the aggregate levy for both educational and building purposes shall not exceed two and two-thirds per cent tax. The wording of the section seems perfectly clear that the school authorities have the right to levy for building purposes up to one per cent under such a vote, unless the aggregate levy for educational and building purposes would amount to more than two and two-thirds per cent. The limit fixed by the statute is clearly a limitation upon the aggregate rate under the facts in this case and not upon the separate rates, therefore the $2.59 rate levied in this case was within the statutory limitation and the objection was properly overruled.

The judgment of the county court is reversed, with directions to sustain the objections to the excess levy aforesaid for county purposes and to enter a judgment for the school tax against the property of appellant in accordance with the above holding.

*Reversed and remanded, with directions.*