THE PEOPLE *ex rel.* Edwin Spence, County Collector, Appellee, *vs.* THE LOUISVILLE AND NASHVILLE RAILROAD COMPANY, Appellant.

*Opinion filed February 23, 1933.*

CHARLES P. HAMILL, (CHARLES T. RANDOLPH, of counsel,) for appellant.

Mr. JUSTICE ORR delivered the opinion of the court:

Objections were filed in the county court to various taxes in White county by appellant, the Louisville and Nashville Railroad Company, including the objection in-

volved in this appeal to part of the county taxes extended for the payment of bonds and interest. The objection here is that the county clerk illegally extended an additional rate of seventeen cents for bonds and interest in excess of the rate of twenty-five cents for general corporate purposes, when such clerk had no authority to extend a greater rate than fifteen cents for such additional purposes. The county court overruled appellant's objection to the payment of the extra two cents included in the seventeen cent rate extended by the county clerk, and this appeal followed.

The facts as stipulated are as follows: On July 17, 1931, the board of supervisors of White county adopted a resolution reciting that there was unpaid indebtedness of the county in excess of $95,000; that a petition had been filed with the board requesting it to call a special election and submit to the people of the county the proposition of issuing bonds for the payment of the indebtedness and of levying and assessing an additional annual tax of fifteen cents on each $100 assessed valuation for the payment of bonds and interest. A resolution was adopted for the submission of the proposition to issue bonds and to levy an additional tax of fifteen cents on each $100 assessed valuation in excess of the statutory and constitutional limitation for the purpose specified. The resolution also fixed the form of the official ballot and provided the form of the notice of election, which recited that an additional tax of fifteen cents was proposed to be levied. A special election was held on August 18, 1931, and the submitted proposition was carried. The county board at its September meeting then passed a resolution providing for the levy of a tax of fifteen cents for the payment of the bonds and interest authorized. Thereafter the county clerk of White county extended a rate of seventeen cents on each $100 assessed valuation for the payment of bonds and interest in addition to the rate of twenty-five cents for general county purposes, and a tax of $1794.44 was extended at the rate

of seventeen cents against the appellant's property in White county for the payment of such bonds and interest instead of the sum of $1583.33 which would have been extended if the rate had been computed at fifteen cents. This difference of $211.11 is the amount of the tax to which objection was made.

The errors assigned are that the county court erred in overruling the objection to two cents of the tax extended for the payment of bonds and interest, and that the county clerk had no authority to extend a rate in excess of fifteen cents for that purpose.

The county had no authority to levy a tax for the payment of bonds and interest in excess of the statutory limitation without a vote of the people, (Cahill's Stat. 1931, chap. 34, par. 30(1), and par. 43,) and where such authority is granted by the voters the amount thereof shall not exceed the authority actually conferred. (*People* v. *Ross,* 302 Ill. 328, and cases therein cited.) The resolution passed by the board of supervisors and the proposition voted upon and carried at the election fixed the limitation at fifteen cents for the additional tax, and the county clerk had no authority to extend any greater rate. The county clerk is purely a ministerial officer and has no power to levy taxes or to determine whether taxes have been legally assessed. (*People* v. *Louisville and Nashville Railroad Co.* 311 Ill. 115.) When a tax is once ordered or laid, its extension—a ministerial function—must be at a rate not exceeding that authorized when the levy was made. (*People* v. *Pittsburg, Cincinnati, Chicago and St. Louis Railway Co.* 316 Ill. 410.) The county court thus erred in sustaining the extension of the two cent tax for bonds and interest in excess of the fifteen cent rate specifically authorized.

The judgment of the county court is therefore reversed.

*Judgment reversed.*