(No. 22162.—)

THE PEOPLE *ex rel.* Joseph B. McDonough, County Collector, Appellant, *vs.* THE NEW YORK CENTRAL RAILROAD COMPANY, Appellee.

*Opinion filed February 23, 1934—Rehearing denied April 12, 1934.*

THOMAS J. COURTNEY, State's Attorney, (WILLIAM H. SEXTON, Corporation Counsel, HAYDEN N. BELL, LEON HORNSTEIN, ROBERT S. CUSHMAN, and LOUIS H. GEIMAN, of counsel,) for appellant.

BRUNDAGE, LANDON & HOLT, (ROBERT N. HOLT, of counsel,) for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

The county collector of Cook county has appealed from a judgment of the county court of that county refusing an order of sale against the real estate of appellee for certain taxes levied by the county of Cook and for others levied by the city of Chicago for the year 1930. The items of tax for which the court refused order of sale were the county employees' annuity and benefit fund tax, policemen's annuity and benefit fund tax, municipal employees' annuity and benefit fund tax, and a tax levied to pay installments of principal and interest on funding bonds issued to meet payments on outstanding bonds due January, 1932. Each of the first three named levies was held invalid because it exceeded the statutory limit. The fourth was held invalid because it was levied too late to be included in the 1930 levy and also because a tax had been levied in the regular 1930 levy for the same purpose.

Concerning the tax for county employees' annuity and benefit fund the following situation appears: The statute commonly known as the Benefit Fund act, as amended in 1927, authorized a tax for that purpose "in addition to the rate of twenty-five cents on the $100 valuation, without being authorized by a vote of the people of the county." (Laws of 1927, p. 373.) The same session of the legislature amended section 25 of the Counties act fixing the limit for which taxes for county purposes, including all purposes for which money may be raised by the county by taxation, at twenty-five cents on the $100 valuation. (Laws of 1927, p. 384.) In 1929 this section of the Counties act was again amended, fixing the limit of tax for county purposes, including all purposes for which money may be raised by the county by taxation in counties of over 500,000, at twenty-five cents on each $100 valuation for the year 1929,

at thirty-two cents for the year 1930 and each even numbered year thereafter, and at twenty-eight cents for 1931 and each odd numbered year thereafter. No amendment was made to the Benefit Fund act by that General Assembly, however, so that act as in force at the time this tax was levied permitted the extension of a tax for that purpose "in addition to the rate of twenty-five cents on the $100 valuation." The regular county tax was levied and extended to the full amount of thirty-two cents for 1930 and the county employees' annuity and benefit fund tax was levied and extended in addition to the rate of thirty-two cents.

Appellant argues that it was the intention and purpose of the legislature to permit the levy of the benefit fund tax in addition to and beyond the county tax rate limit no matter what the maximum rate for county purposes was declared to be. It seems, however, that had this been the purpose of the legislature it would have said so without designating in the Benefit Fund act the rate of twenty-five cents. While it is true such was then the rate for county purposes as fixed by the amendment of 1927, yet it might with equal force be argued that when in 1929 the legislature raised the maximum limit on the tax rate for county purposes to thirty-two cents for 1930 it intended to include within that limit the benefit fund tax rate. While it may be, as argued by appellant, that the amendment to the benefit fund tax rate was not changed because of an oversight on the part of the legislature, such oversight does not give the taxing authorities power to levy a tax beyond the maximum rate authorized for county purposes at the time the tax was levied. It was not error to sustain the objection to this tax.

The second and third taxes objected to—that is, the policemen's annuity and benefit fund and the municipal employees' annuity and benefit fund—may be considered together, since the acts authorizing the creation and main-

tenance of such funds are identical so far as important here. Both acts were enacted in 1921. (Cahill's Stat. 1933, pp. 505, 467.) Section 11 of each act authorizes a tax for the purposes specified in the act and at the rate therein specified, "in addition to all other taxes which such city is now or may hereafter be authorized to levy" by virtue of section 1 of article 8 of the Cities and Villages act. This section of the Cities and Villages act as in force in 1930 provides that "the aggregate amount of taxes so levied for any one year, exclusive of the amount levied for the payment of bonded indebtedness or interest thereon, and exclusive of taxes levied for the payment of judgments entered prior to the first day of January, 1930, and for the purposes of pension funds, working cash fund, public library and municipal tuberculosis sanitariums, shall not exceed the rate of * * * one and thirty-seven hundredths percentum for each of the years 1930 and 1931." An examination of the two Benefit Fund acts of 1921 discloses that they were to take the place of pension fund acts in existence prior to that time, and the funds created under the original Pension Fund acts were transferred to and administered by a board characterized the retirement board, which is given control of all funds accumulated for retirement pensions or annuity and benefit fund purposes.

Appellant contends that this tax was valid not only because it is authorized to be levied in excess of and in addition to all taxes authorized under the Cities and Villages act, but also because the funds to be raised are, in fact, pension funds and specifically excluded from the maximum rate in the Cities and Villages act. Since the enactment of these Benefit Fund acts in 1921 this court has had them before it in at least three different cases, and in each has considered the funds derived under those acts and those derived under the Pension Fund acts as now one and the same fund, and we are of the opinion, therefore, that these two annuity and benefit fund taxes properly come within

the terms of exclusion found in section 1 of article 8 of the Cities and Villages act, which specifies taxes for "the purpose of pension funds." (*Porter* v. *Loehr,* 332 Ill. 353; *McCann* v. *Retirement Board,* 331 id. 193; *People* v. *Hanson,* 330 id. 79.) The county court was in error in sustaining the objection to this tax.

Concerning the objection to the tax levied to pay an installment and interest on funding bonds the following facts appear: Installments, and interest, on certain bonds duly authorized and issued were to fall due on January 1, 1932. On February 3, 1930, the regular tax levy ordinance was passed by the city of Chicago and included items for the purpose of meeting such principal and interest payment. On October 21, 1931, it appearing that not sufficient tax had been collected to meet the payments of principal and interest due on January 1, 1932, a refunding bond ordinance was passed and bonds were issued and sold to meet those payments. At the same time there was levied a tax for the purpose of meeting the first installment of such bonds and interest thereon. Because of the fact that at the time of the passage of the refunding bond ordinance and tax levy ordinance on October 21, 1931, taxes for the year 1930 had not been extended by the county clerk, the levy made on that date was included in the 1930 extension, and the objection was and is that such inclusion was illegal, as the time for levying taxes for 1930 had passed and no legal levy for that year could be made on October 21, 1931. It was, and is, also objected that since a tax to meet the January 1, 1932 payment had been levied in the regular levy for 1930, this levy amounted to double taxation for the same purpose. Appellant says that the refusal of taxpayers to pay taxes made the issuance and sale of the funding bonds necessary in order to preserve the credit of the city and the city was required to borrow from idle funds to meet the January 1, 1932, payment, which it did by

purchasing the funding bonds authorized on October 21, 1931, and it was not only authorized but required to levy the tax objected to in order to pay the funding bonds.

Appellee points out that a tax was levied in the manner and at the time for levying the 1930 taxes which included an amount sufficient to pay, and for the purpose of paying, principal and interest due on outstanding bonds January 1, 1932, and argues that the levy of October 21, 1931, more than a year after the time required by the statutes for the levy of the 1930 taxes, could not legally be included in and extended with the tax levy for 1930. Appellant, on the other hand, urges that even though this, in effect, constitutes a duplication of taxes, the amount collected and not necessary to be used for the purpose for which the levy was made will be kept in a fund for the purpose of meeting future payments of principal and interest due on these bonds, thereby reducing future levies for that purpose, and so the property owner is not harmed. His counsel refer us to ordinances passed by the city council to show that such a procedure is to be followed. Appellee replies that such fact does not afford a justification for a double taxation for the same purpose, since any property owner who disposes of his property after paying such double taxation and before such reduction in tax levy would receive no relief by that reduction, and further argues that a municipality cannot accumulate taxes on the theory that at a later time less than the usual taxes may be necessary. It is unnecessary that consideration be given all of these arguments.

The city is authorized by section 6 of article 5 of the Cities and Villages act to issue bonds in place of or to supply the means to meet maturing bonds or for the purpose of funding them, but the validity of the funding bonds of October 21, 1931, is not in issue. The question here concerns the validity of the tax levied on October 21, 1931, and extended at the same time the taxes for 1930 were extended and as a part thereof. In *People v. Payne, 296*

Ill. 483, objection was urged to a hard road tax. It appeared that on February 3, 1920, such tax was authorized by vote of the people. Returns of the election were filed with the county clerk on February 5, 1920, and the tax was immediately extended on the tax books for the year 1919 against the property of the objector, and it was held that as the power and authority to levy taxes are derived solely from the statutes, that power must be strictly construed and exercised in accordance with the terms of the act governing it; that the statute requires that the levy and extension of taxes be made for current and succeeding years and does not authorize the levy of a tax for a past year, and that as the whole proceeding for the levy and assessment of taxes for 1919 was required by law to be completed before the time of the election authorizing the road taxes, the clerk had no authority to extend the tax on the books for 1919 and that his act was without authority of law. In *People* v. *Chicago, Milwaukee and St. Paul Railway Co.* 321 Ill. 499, a school tax which was not levied until after the time required by the statute was held to be uncollectible. To the same effect is *People* v. *Chicago, Milwaukee and St. Paul Railway Co.* 313 Ill. 249. For this reason it was not error to sustain the objection to the tax levied October 21, 1931, and extended as a part of the 1930 tax levy.

The judgment of the county court sustaining objections to the county employees' annuity and benefit fund tax and the funding bond tax levy is affirmed. Its judgment sustaining objections to the policemen's annuity and benefit fund and municipal employees' annuity and benefit fund taxes is reversed and the cause is remanded to that court, with directions to overrule objections to those taxes.

*Reversed in part and remanded, with directions.*

Mr. JUSTICE DEYOUNG, dissenting.