(No. 24080.—

THE PEOPLE *ex rel.* Joseph L. Gill, County Collector, Appellee, *vs.* THE DEVINE REALTY TRUST, Appellant.

*Opinion filed June 11, 1937.*

ADELBERT BROWN, (ROBERT N. HOLT, R. C. BECKETT, ROBERT McCORMICK ADAMS, and PAUL S. ADAMS, of counsel,) for appellant.

THOMAS J. COURTNEY, State's Attorney, (JACOB SHAMBERG, MARSHALL V. KEARNEY, and MANUEL E. COWEN, of counsel,) for appellee.

Mr. JUSTICE HERRICK delivered the opinion of the court:

The objector (appellant here) filed in the county court of Cook county objections to certain taxes levied in 1934 against its property. That court overruled the objections and entered judgment and order of sale. The objector brings the cause here by appeal.

Two issues are presented by the record. County taxes were extended against the objector's property at the rate of .3375 on each $100 valuation. Of this rate, twenty-nine cents was for the corporate fund, three cents for mothers' pensions and .0175 for the county employees' annuity and benefit fund (hereinafter called the benefit fund.) This latter rate was not authorized by referendum election. The issue for decision, as to the county tax, is the legal question whether, under the statute, the benefit fund tax levied by the county board may be levied in addition to thirty-two cents, the maximum limitation for all county taxes, except as to certain exceptions provided by the statute and the constitution.

In determining the issue presented it is well briefly to review the history of the two legislative acts involved. Section 25 of the Counties act, (Cahill's Stat. 1933, chap. 34, p. 840; Smith-Hurd Stat. 1933, p. 844,) was enacted originally in 1874. Various amendments thereafter were made. In 1927, the section was amended, fixing the limit of tax for county purposes, including all purposes for

which money may be raised by the county, at twenty-five cents on the $100 valuation, exclusive of certain exceptions therein enumerated. (Laws of 1927, p. 383.) In 1930, the section as then amended, fixed the limit of the tax levy for county purposes, in counties of over 500,000, at not exceeding thirty-two cents on each $100 assessed valuation for the year 1930, and each even numbered year thereafter, and not exceeding twenty-eight cents for the year 1931 and each odd numbered year thereafter. This limit included all purposes for which the county might raise money by taxation, with the exclusion of the following: (1) Payment of indebtedness existing at the adoption of the constitution; (2) principal and interest on State aid road bonds; (3) principal and interest on non-referendum bonds; (4) taxes authorized, as additional, by vote of the people; (5) working cash fund, and (6) county highway taxes. (Laws of 1930, p. 29.) Section 25 was again amended by an act approved July 10, 1933. This amendment did not change that portion of section 25, above stated, but related to matters extrinsic of the issues here. (Laws of 1933, p. 427.) The Benefit Fund statute became the law in 1925. (Smith-Hurd Stat. 1933, chap. 34, pp. 887-910; Cahill's Stat. 1933, chap. 34, pp. 874-896.) Section 11 provided for a levy, by the county board, of a tax of not more than thirty-five one-hundredths of a mill on the one dollar of assessed valuation, for the purpose of providing revenue for that fund. This section was amended in 1927. It again was amended by statute enacted July 6, 1933. (Laws of 1933, p. 421.) This latter amendment provided that the authorized maximum tax of thirty-five two-hundredths of a mill on the dollar "shall be in addition to the tax rate levied for other county purposes," etc.

The objector relies upon the case of *People* v. *New York Central Railroad Co.* 356 Ill. 67, as controlling the decision here. The question there decided was based upon section 11 of the Benefit Fund act as amended by the law

of 1927. The wording of the section, as re-written by the amendment of 1927, so far as it related to the levy and extension of the tax, was that such tax should be "in addition to the rate of twenty-five (25) cents on the one hundred dollars valuation, without being authorized by a vote of the people of the county." Laws of 1927, p. 373.

We have heretofore called attention to the fact that the rate for county taxes was, at the 1927 session of the legislature, fixed at twenty-five cents, which was later raised by amendment of 1930 to thirty-two cents for the year 1930. The levy before the court in the *New York Central case, supra,* was one made in 1930, for the full thirty-two cents for county purposes, and a further levy made and extended for the benefit fund, in addition to the thirty-two cent rate. This court there affirmed the judgment of the trial court which sustained the objection to the benefit fund tax. The holding was that it should have been included within the thirty-two cent rate. We further held the fact that the 1930 amendment raised the county tax rate from twenty-five cents to thirty-two cents, might indicate the legislative intent to include the rate for the benefit fund tax within the thirty-two cent rate. The decision was not grounded on the fact that the benefit fund tax was not one within the exclusions made by section 25 of the County act, but rather that, if it was the legislative thought that the levy of the benefit fund tax should be in addition to the county rate of thirty-two cents, the legislature would have so spoken, without designating in the Benefit Fund act the rate of twenty-five cents.

In 1933, when the legislature sought to create a statute by which the tax for the benefit fund should be in excess of the rate authorized to be levied by section 25 for county purposes, it doubtless had in mind the decision of this court in the *New York Central case.* Realizing that the maximum tax rate for county purposes fluctuates in accordance with the legislative will, the General Assembly determined

not to repeat the mistake, if it were a mistake, made by the amendment of 1927 in designating, by amount, the maximum county rate, but chose, in lieu thereof, the comprehensive sentence, "shall be in addition to the tax rate levied for other county purposes,"—this, doubtless, to meet any change that might, by legislative enactment, be made in the county rate.

Cases are cited by the objector in causes involving the "county highway fund," *People* v. *Pittsburgh, Cincinnati, Chicago and St. Louis Railway Co.* 316 Ill. 410; "county tuberculosis sanitarium fund," *People* v. *Chicago, Burlington and Quincy Railroad Co.* 295 Ill. 191; *People* v. *Wabash Railway Co.* 286 id. 15; *People* v. *Illinois Central Railroad Co.* 301 id. 288; "mothers' pension fund," *People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 295 Ill. 214; *People* v. *Chicago and Eastern Illinois Railroad Co.* 296 id. 246; *People* v. *Chicago and Eastern Illinois Railroad Co.* 300 id. 251; *People* v. *Baltimore and Ohio Southwestern Railway Co.* 359 id. 301; *People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 360 id. 180; "judgment tax fund," *People* v. *Baltimore and Ohio Southwestern Railroad Co.* 350 Ill. 217; "bonds and interest fund," *People* v. *Louisville and Nashville Railroad Co.* 351 Ill. 489.

An examination of the several statutes under which it was sought to levy taxes, and the validity of such respective levies before the court in the cases mentioned in the preceding paragraph, discloses the language there authorizing the several levies was not similar to nor as specific and certain as that used in the amendment of 1933 of section 11. Those cases are not persuasive of the correctness of the objector's position.

It is urged that the two statutes passed in 1933 are irreconcilable. That both cannot stand. That the amendment of section 11, being earlier in chronology, is necessarily repealed by the later statute amending section 25.

We do not agree with the argument that the two amendatory acts are irreconcilable and cannot each survive. Where two statutes pertaining to the same subject matter are passed at the same session of the legislature, they should each be upheld unless so antagonistic both cannot operate. (*Hoyne* v. *Danisch,* 264 Ill. 467; *People* v. *Chicago, Burlington and Quincy Railroad Co.* 295 id. 191.) The legislative intent is to be gathered from the necessity or reason for the enactment of the law. (*Hoyne* v. *Danisch, supra.*) Here, obviously, it was the legislative will that a tax should be levied and collected for the purpose of raising money for the benefit fund—regardless of what the tax rate might be for other county purposes, the rate for the benefit fund tax should be in addition to the county rate. It was not necessary to name such tax and designate it as additional to those exceptions named in section 25, as amended by the act of July 10, 1933.

It is contended that the amendment of section 11 by the act of July 6, 1933, violates section 13 of article 4 of our constitution. In support of this ground the objector states, in substance, that if section 11 stands, as amended, it is an amendment to section 25 by bringing the benefit fund tax within the exclusions of section 25, without setting forth that section at length in the act amending section 11. It is conceded that there is no express amendment, but rather one by implication. The act of 1933 amending section 11 is complete, in itself, and confined to the subject matter expressed in the title. No reference is made in the body of that act to any amendment of or attempt to amend, any other piece of legislation. Even if the effect of such amendment is to modify the exclusions within the purview of section 25, it is incidental, only, and such fact does not classify the act within the legislation denounced by section 13 of article 4 of the constitution. *Reif* v. *Barrett,* 355 Ill. 104, 138; *People* v. *Beemsterboer,* 356 id. 432; *People* v. *Crossley,* 261 id. 78.

Other incidental questions have been presented against the validity of the tax levy. All of these have been considered but found insufficient to justify a holding that the objection should be sustained. The county court did not err in overruling the objections to the benefit fund tax.

The next issue for decision is the validity of the tax levied for the zoological park fund. The county clerk extended a tax rate of .14 for taxes levied by the Cook County Forest Preserve District. This rate included a levy of .015 for the zoological park fund. The language of the appropriation and levy ordinance purporting to authorize such levy is as follows: "For the purpose of creating, constructing and maintaining a zoological park by the Forest Preserve District in accordance with an act of the General Assembly of the State of Illinois, concerning zoological parks in the Forest Preserve District, approved June 28, 1923, and in force July 1, 1923."

The tax was levied under the provisions of an act concerning zoological parks in forest preserve districts. (State Bar Stat. 1935, chap. 57a, sec. 2, p. 1710.) Provision is made thereunder for the levy of a tax "for the purpose of constructing and maintaining and caring for any such zoological park," etc. It will be noted that the language of the levy differs from the language of the above statute in the use of the word "creating" instead of "caring for." The word "create" is equivalent to the word "establish." The words "establish" and "maintain" signify two distinct and separate purposes. (*People* v. *Atchison, Topeka and Sante Fe Railway Co.* 300 Ill. 415.) "Establish," if we give it the commonly understood meaning of the word "create," is not synonymous with "maintain." The words denote independent purposes.

Section 2 of the above mentioned act further provides, "Said taxes shall be levied and collected in like manner with the general taxes of such forest preserve district," etc. Section 13 of the Forest Preserve act, (State Bar Stat.

1935, chap. 57a, par. 14, p. 1708,) provides for the levy of the general taxes for the corporate purposes of the district in the following language: "All general taxes * * * shall be levied at the same time and in the same manner as taxes are levied for city and village purposes."

Section 1 of article 8 of the Cities and Villages act, (State Bar Stat. 1935, chap. 24, par. 115, p. 359,) specifies the manner in which such levies are to be made, as "by an ordinance specifying in detail the purposes for which such appropriations are made and the sum or amount appropriated for each purpose respectively," etc. Under the language of the appropriation ordinance above set out, the tax-payer would derive no information therefrom as to what amount was levied for the creating of a zoological park, the amount for salaries and wages in the maintenance of the park and objects incidental to caring for the same.

We have heretofore held the provisions of the last mentioned statute require, for the knowledge of the tax-payer, that levies for different purposes must be separated as to the amount levied for each distinct purpose. (*People* v. *Chicago and Alton Railway Co.* 289 Ill. 282; *People* v. *Klee,* 282 id. 440.) The zoological park levy above set out was fatally defective in not separating the amount levied for "constructing" as distinguished from "maintaining." The objections to the tax for the zoological park fund should have been sustained.

The judgment of the county court overruling the objections to the benefit fund tax is sustained, but is reversed, and the cause remanded, with directions to sustain the objections to the tax levied for the zoological park fund.

*Affirmed in part, reversed in part*
*and remanded, with directions.*