(No. 26305.—

THE PEOPLE *ex rel.* John Toman, County Collector, Appellant, *vs.* THE DUNKIRK BUILDING TRUST, Appellee.

*Opinion filed September 17, 1941.*

THOMAS J. COURTNEY, State's Attorney, (MARSHALL V. KEARNEY, JACOB SHAMBERG, and BRENDAN Q. O'BRIEN, of counsel,) for appellant.

ADELBERT BROWN, for appellee.

Mr. JUSTICE SMITH delivered the opinion of the court:

This is an appeal from an order of the county court of Cook county sustaining objections of appellee to certain county taxes extended against its property for the year 1938. There seems to be in the minds of counsel an

insolvable divergence of opinion as to the questions involved and the taxes to which the objections were sustained. Appellant asserts that the county court sustained the objection to taxes extended for Employees' Annuity and Benefit Fund levied under the act commonly referred to as the Benefit Fund act. (Ill. Rev. Stat. 1939, chap. 34, par. 188.) On the contrary, appellee vigorously asserts that counsel for appellant have wholly misconceived the objections, as well as the questions involved. Appellee's contention is that county taxes for all purposes were extended at a rate of .0175 in excess of the maximum rate of .32 authorized by statute; that such excess is void; that when the excessive rate is eliminated the result will be a *pro rata* reduction in all the taxes extended for county purposes which made up the total rate at which such taxes were extended, including the benefit fund tax; that the sustaining of the objection did not otherwise affect the benefit fund tax.

This preliminary contest, although it has been waged by appellee with a good deal of acridity and facetiousness, is easily settled by a reference to appellee's objections filed in the county court and the order of that court from which the appeal was taken, both of which are in the record and are not subject to controversy, or dispute.

The objections filed by appellee contain the following paragraph: "The total rate for Cook county included a rate of .0175 for an Employees' Annuity and Benefit Fund. This rate was extended in addition to and in excess of the corporate limit of .32. There is no statutory authority for the levy of a tax for this particular fund in excess of this said corporate limit, therefore said levy of .0175 is illegal," etc. No other taxes were objected to.

The fourth paragraph of the final order of the court from which this appeal was taken reads as follows: "That the total levy of tax for county of Cook included a rate of .0175 per $100.00 for an annuity and benefit fund in addi-

tion to a levy of .32 for the corporate and mothers' pension funds; no election was held authorizing a levy in addition to a rate of .32." No other taxes are mentioned in this order, and by the order all other objections were overruled. It is, therefore, conclusively settled by the record that appellant has a proper understanding of, and has correctly and fairly presented, the issues and questions involved. No question concerning the right of the county to levy taxes for county purposes, in excess of the maximum rate fixed by section 25 of the Counties act, is involved. The sole question presented by the record is the right of the county to extend taxes levied under the authority of section 11 of the Benefit Fund act over and above the maximum rate fixed by section 25 of the Counties act. Ill. Rev. Stat. 1939, chap. 34, par. 25.

A brief review of the history of the two sections of the statute involved will aid in their clarification and proper construction.

Section 25 of the Counties act was originally enacted in 1874. It has been amended many times. The first amendment in point of time necessary to be noted in this connection is the amendment of 1927. (Laws of 1927, p. 383.) By section 25, as changed by that amendment, all counties were limited in levying taxes for all county purposes, except taxes "for the payment of indebtedness existing at the adoption of the present State constitution, and except for the payment of interest on and principal of bonded indebtedness heretofore duly authorized for the construction of State Aid roads in the county, and except taxes authorized as additional by vote of the people of the county, and except County Highway taxes" to a rate of not to exceed .25 on each $100 of the assessed valuation. At the same session of the legislature, section 11 of the Benefit Fund act was also amended. (Laws of 1927, p. 373.) That section, as then amended, authorized the tax for the purposes of said Benefit Fund act which, by said amend-

ment, it was provided should be "in addition to the rate of twenty-five (25) cents on the one hundred dollars valuation, without being authorized by vote of the people of the county."

The above amendments both became effective on July 1, 1927. In 1930, section 25 of the Counties act was again amended. (Laws of 1930, First Sp. Sess. p. 29.) This amendment became effective on July 1, 1930. By this amendment the limit of taxes for county purposes, including all purposes for which money may be raised by the county by taxation, in counties of over 500,000, was fixed at .32 for the year 1930, and each even numbered .year thereafter, and at .28 for the year 1931, and each odd numbered year thereafter. No change was made by said amendment to said section 25, as to the taxes which were excluded from the maximum rate, as provided in the amendment of 1927. No amendment was made to the Benefit Fund act at that session of the General Assembly.

As a result of the amendment to section 25 of the Counties act in 1930, that section authorized counties of more than 500,000 to levy taxes for all county purposes except "for the payment of indebtedness existing at the adoption of the present State constitution, and except for the payment of interest on and principal of bonded indebtedness heretofore duly authorized for the construction of State Aid roads in the county, and except taxes authorized as additional by vote of the people of the county, and except County Highway taxes," at a maximum rate of .32. Thus, section 25, as amended in 1930, required that all taxes levied for county purposes, not enumerated in the above exception, should not exceed, for the year 1930, a rate of .32 on the $100 assessed valuation. (Laws of 1930, First Sp. Sess. p. 29.) At the same time, by the amendment of 1927 to section 11 of the Benefit Fund act, that section authorized such counties to levy taxes for the purposes of said act of not more than 32/200 of a mill on the $100

assessed valuation. That section further provided that taxes levied for that purpose should be "in addition to the rate of twenty-five (25) cents on the one hundred dollars valuation." Laws of 1927, p. 373.

The construction of section 11 of the Benefit Fund act, as amended in 1927, and the effect on that section of the amendment of 1930 to section 25 of the Counties act, was before this court in *People* v. *New York Central Railroad Co.* 356 Ill. 67. It was there held that notwithstanding the fact that the legislature, by the amendment of 1927 to section 11 of the Benefit Fund act, provided that taxes levied under that act should be in addition to the maximum rate of .25, which could be levied for other county purposes under section 25 of the Counties act, as amended in 1927, still, the amendment of 1930 to section 25 of the Counties act, raising the maximum rate for county taxes from .25 to .32 on each $100 assessed valuation, did not authorize the extension of benefit fund taxes in excess of the maximum rate of .32 for other county purposes, as authorized by the 1930 amendment to the Counties act. No question, however, was involved in that case as to whether the county could levy a rate for benefit fund taxes in excess of the maximum rate of .25 on each $100 valuation as fixed by the amendment of 1927 to section 25.

Following the decision in that case, section 25 was again amended in 1933. This amendment did not change the effect of that part of section 25 above referred to. (Laws of 1933, p. 427.) Section 11 of the Benefit Fund act was also amended in 1933. (Laws of 1933, p. 421.) Section 11 of said act, as re-enacted in its amended form, at that session of the General Assembly, authorized a maximum rate of 32/200 of a mill on each $100 assessed valuation. In this connection it is important to note that, by this amendment, the language "in addition to the rate of twenty-five (25) cents on the one hundred dollars valuation" found in the 1927 amendment, was changed to read

"in addition to the tax rate levied for other county purposes." This change, as it will hereinafter more clearly appear, is significant.

Section 25 of the Counties act, and section 11 of the Benefit Fund act, as amended in 1933, were before this court in the case of *People* v. *Devine Realty Trust,* 366 Ill. 418. In that case it appeared that county taxes were extended for the year 1934 in the county of Cook at a total rate of .3375 on each $100 valuation. Of this rate .29 was for the corporate county fund, .03 for mothers' pensions, and .0175 for benefit fund, under the Benefit Fund act.

The question raised in that case was whether the benefit fund tax could be levied in addition to the .32 maximum rate for all county taxes under section 25, other than the taxes excluded by the exception in said section. It was there argued that section 25 of the Counties act, as amended in 1933, and the amendment to section 11 of the Benefit Fund act, passed at the same session of the General Assembly, were so inconsistent that they could not both stand and be given effect. It was contended that inasmuch as the amendment to section 25 of the Counties act was latest in point of time, it constituted the latest expression of the legislature and operated to repeal and nullify the amendment at the same session to section 11 of the Benefit Fund act. This court held that both of the amendments of 1933 should be given effect; that the amendment to section 11 authorized the extension of benefit fund taxes in addition to the taxes levied for other county purposes, as limited by section 25 of the Counties act, even though subsequently, and at the same session of the legislature, section 25 was amended and, as amended, did not include benefit fund taxes in the enumeration of taxes to be excluded from the maximum rate for other county purposes. This court, in the opinion in that case, reviewed the history of both sections and also the decision in *People* v. *New York Central*

*Railroad Co. supra,* and reached the conclusion that the benefit fund tax could be extended in addition to the maximum rate of .32, although it was not one enumerated in the exclusions contained in section 25 of the Counties act.

The correctness of the conclusion there reached, we think, is clearly apparent. Obviously, by the 1933 amendment, the legislature was seeking to so amend section 11 of the Benefit Fund act that it would not thereafter have to be amended every time an amendment was made to section 25 of the Counties act, increasing, or reducing, the maximum rate at which taxes could be extended for county purposes. It sought to accomplish, by this amendment, what it had failed to accomplish by the preceding amendments. As amended in 1927, section 25 of the Counties act fixed the maximum rate at which taxes could be levied for all county purposes, excluding certain taxes therein enumerated. Taxes for the purposes of the Benefit Fund act were not included within the exclusion, as there enacted. At the same session, however, the legislature amended section 11 of the Benefit Fund act and definitely provided that taxes levied for that purpose should be "in addition to the rate of twenty-five (25) cents on the one hundred dollars valuation." Then, in 1930, the legislature again amended section 25 of the Counties act, raising the maximum rate, in counties of 500,000, or more, from .25 to .32 on each $100 assessed valuation, in the even numbered years. As thus amended, that section also provided that all taxes levied for county purposes, with the same exceptions as written in the 1927 amendment, should be included in the combined maximum rate fixed by said section. Taxes under the Benefit Fund act were not enumerated in the taxes excluded from the maximum rate. Section 11 of the Benefit Fund act remained as it was written in the 1927 amendment and provided that the taxes should be in addition to the rate of "twenty-five (25) cents on the one hundred dollars valuation."

In the case of *People* v. *New York Central Railroad Co. supra,* it was held that taxes under the Benefit Fund act could not be extended in excess of the maximum rate of .32 fixed by section 25 of the Counties act. Obviously, this conclusion was correct because the Benefit Fund act only purported to authorize taxes to be extended in addition to the rate of .25 on the $100 assessed valuation, which was the maximum rate for county purposes under the act of 1927. It has already been pointed out, however, that the court did not, in that case, hold that the Benefit Fund tax could not be extended, in excess of the maximum rate for county purposes fixed by section 25 of the Counties act.

The difficulty was brought about by the fact that in the 1927 amendment section 11 of the Benefit Fund act only authorized taxes to be extended in addition to a fixed, named rate of .25 on the $100 assessed valuation. Then, the amendment of 1930 to section 25 of the Counties act, raising the maximum rate under said section to .32, resulted in the question as to whether the benefit fund taxes could be levied in addition to the rate of .32, as fixed by the 1930 amendment, or, only in addition to the rate of .25, as fixed by the 1927 amendment to section 25 of the Counties act, and definitely specified by rate in the 1927 amendment to section 11 of the Benefit Fund act.

Following the decision of this court in the case of *People* v. *New York Central Railroad Co. supra,* in which it was held that the various amendments above referred to did not authorize the extension of taxes under the Benefit Fund act in addition to the maximum rate for county purposes, as then authorized by section 25 of the Counties act, it is obvious, as stated in *People* v. *Devine Realty Trust, supra,* that the legislature "realizing that the maximum tax rate for county purposes fluctuates in accordance with the legislative will, the General Assembly determined not to repeat the mistake, if it were a mistake, made by the amend-

ment of 1927 in designating, by amount, the maximum county rate, but chose, in lieu thereof, the comprehensive sentence, 'shall be in addition to the tax rate levied for other county purposes'." For that purpose the legislature, in 1933, amended section 11 of the Benefit Fund act, authorizing the levy of taxes for the purposes of that act, and provided that such taxes should be in addition to the tax rate levied for other county purposes. Section 25 of the Counties act was also amended at the 1933 session in matters wholly immaterial to the questions here involved.

As a result of the holding in *People* v. *Devine Realty Trust, supra,* counties had the right to levy benefit fund taxes under section 11 of that act, in addition to county taxes levied for all other purposes, notwithstanding benefit fund taxes were not named in the enumeration of taxes excluded from the maximum rate by the language of section 25 of the Counties act. This review of the several amendments to the sections of the statute here involved has been necessary to a proper understanding of the construction placed thereon by the decisions referred to.

This brings us to the issue involved in this particular case. The taxes here involved were levied and extended for the year 1938.

At a special session of the General Assembly in the year 1938, section 25 of the Counties act was again amended. (Laws of 1938, p. 23.) As there amended, it authorized counties having 500,000, or more, inhabitants to levy taxes for county purposes at a rate of not to exceed .32 on each $100 assessed valuation in even numbered years, and not exceeding .28 on such valuation in the odd numbered years. The section, as amended, contained the same exclusions of taxes which were not included within the maximum rates there fixed, as the 1927 and the 1933 amendments. As in the prior amendments it did not include in the exclusion clause, taxes levied under the Benefit Fund act. Section 11 of the Benefit Fund act was not amended at that session.

It is contended that the amendment of 1938 to section 25 of the Counties act, not having included in the taxes enumerated, as excluded from the maximum rate there fixed, taxes under the Benefit Fund act, is so inconsistent with section 11 of the Benefit Fund act that both cannot stand; that section 25 of the Counties act, as amended in 1938, being the latest in chronology, repealed the provision of section 11 of the Benefit Fund act, which authorized benefit fund taxes to be extended in addition "to the tax rate levied for other county purposes."

Repeals by implication are not favored. Two or more statutes pertaining to the same subject matter, whether passed at the same or at different sessions of the General Assembly, should be upheld unless they are so antagonistic and inconsistent that they both cannot operate. (*People* v. *Devine Realty Trust, supra; Hoyne* v. *Danisch,* 264 Ill. 467; *People* v. *Chicago, Burlington and Quincy Railroad Co.* 295 id. 191.) The legislative intent must be gathered from the necessity or reason for the enactment of a law. (*Hoyne* v. *Danisch, supra.*) Here, it is obvious that the legislature intended that a tax should be levied and collected for the purpose of raising money for the benefit fund, regardless of what the tax rate might be for other county purposes; that the rate for the benefit fund should be in addition to the maximum rate for other county purposes, as fixed by section 25 of the Counties act, whatever that rate might be. Any changes in the maximum rate, as fixed by said section 25, however frequently such changes occur, do not repeal or affect the provisions of section 11 of the Benefit Fund act. Those provisions are operative as to any maximum rate fixed by said section 25. It was not necessary to name such tax and designate it as additional to those exceptions named in section 25 of the Counties act.

When the *status* of the two applicable sections of the statute, as they existed when the amendments of 1933 were passed, amending both sections, is considered, together with

the decisions of this court construing those sections, the purpose of those amendments and the intention of the legislature is apparent. Under these decisions it is obvious that the prior amendment to section 11 of the Benefit Fund act, providing that the taxes levied under that act should be in addition to the definite maximum rate for county purposes, fixed by section 25 of the Counties act, would lead to confusion and misunderstanding every time an amendment was made to that section of the Counties act, changing the maximum rate. To obviate the necessity of amending section 11 of the Benefit Fund act every time section 25 of the Counties act was amended, changing the rate for other county purposes, the legislature passed the amendment to section 11 of the Benefit Fund act of 1933. As so amended, that section would be operative and could be given full force and effect, notwithstanding any changes which might thereafter be made in the maximum rate fixed by section 25 of the Counties act.

We have already seen that by the amendment of 1933 to section 11 of the Benefit Fund act, changing the language of that act to read that the tax should be in addition to the tax rate levied for other county purposes, instead of making it in addition to a definite fixed rate, as by the amendment of 1927, it was the purpose of the legislature to avoid the necessity of an amendment to said section 11 every time the maximum rate for county purposes, under the Counties act, should be changed. The language of section 11 of the Benefit Fund act, as amended in 1933, is just as applicable to the maximum rates fixed by the amendment of 1938 to section 25 of the Counties act, as it was applicable to the amendment, to the same section, of 1933. No change in the maximum rates at which taxes could be levied under section 25 of the Counties act would affect, or render inconsistent, the provisions of section 11 of the Benefit Fund act. The provisions of the latter act apply equally to any change made in section 25 of the Counties act. As pointed

out in the opinion in *People* v. *Devine Realty Trust, supra,* it is obvious that this was the purpose of the amendment of 1933 to section 11 of the Benefit Fund act, and that this construction effectuates the legislative purpose of remedying an existing defect, which had resulted in confusion, as to the power of the county to extend benefit fund taxes, in addition to the authorized rates for other county purposes.

The result is that there is no inconsistency or incompatibility between the language of section 11 of the Benefit Fund act of 1933 and the language of the amendment of 1938 to section 25 of the Counties act. That amendment in nowise affected section 11 of the Benefit Fund act, as amended in 1933. The case of *People* v. *Devine Realty Trust, supra,* is decisive of all questions here involved. The court erred in sustaining the objections.

The judgment of the county court is reversed and the cause remanded to that court, with directions to overrule the objections of appellee to taxes extended at the rate of .0175, over and above the rate of .32, extended for other county purposes, and to enter judgment therefor.

*Reversed and remanded, with directions.*