(No. 35435.—

THE PEOPLE *ex rel.* David Dickey, County Collector, Appellee, *vs.* SOUTHERN RAILWAY COMPANY, Appellant.

*Opinion filed November 18, 1959.*

CREIGHTON & KERR, of Fairfield, and KRAMER, CAMP-BELL, COSTELLO & WIECHERT, of East St. Louis, for appellant.

W. C. PEARCE, State's Attorney, and KELLEY A. LOY, both of Fairfield, for appellee.

Mr. JUSTICE DAILY delivered the opinion of the court:

For the year 1957 School District No. 112 and High School District No. 226 in Wayne County levied taxes for transportation purposes which were extended at a rate of .02% on each $100 valuation, while High School District No. 225 levied a similar tax which was extended at a rate of .024%. Defendant, the Southern Railway Company, having paid such taxes in full, under protest, filed objections in the county court to the application of the county collector for judgment for delinquent taxes, alleging that the school districts were without statutory authority to levy a transportation tax. The court overruled the objections, except those relating to the tax extended for District No. 225 in excess of a rate of .02%, and this direct appeal by defendant, involving the revenue, has ensued. Presented

is the familiar problem arising when the legislature, at the same session, passes two bills amending the same statute.

As it existed prior to 1957, section 17—2 of the School Code authorized the school board of any district having a population of less than 500,000 inhabitants to levy an annual tax as follows: "(1) districts maintaining only grades 1 to 8, each inclusive, at a rate not to exceed .50% for educational purposes and .1875% for building purposes * * *; (2) districts maintaining grades 9 to 12, each inclusive, at a rate not to exceed .65% for educational purposes and .1875% for building purposes * * *." (Ill. Rev. Stat. 1955, chap. 122, par. 17—2.) Two amendments to the section were adopted in 1957. The first was accomplished by House Bill No. 345, passed and approved on June 21, 1957 (Laws of 1957, p. 843,) which repealed (1) and (2), above, but added thereto the following grants of taxing authority: "(3) districts maintaining grades 9 to 12, each inclusive, in addition to grades 1 to 8, each inclusive, at a rate not to exceed 1.00% for educational purposes and .1875% for building purposes * * *; (4) *districts providing transportation for pupils, at a rate of not to exceed .02% for transportation purposes upon the full, fair cash value as equalized or assessed by the Department of Revenue.*" (Ill. Rev. Stat. 1957, chap. 122, par. 17—2.) (Emphasis supplied.) Also added was a paragraph granting taxing authority to special charter districts which had organized, or should organize, under the general school law.

The same piece of legislation, House Bill 345, added section 17—4.1, which provided for an increase of the transportation tax rate up to .10% by referendum, (Ill. Rev. Stat. 1957, chap. 122, par. 17—4.1,) amended section 17—9 to provide for a certificate of levy for the tax for transportation purposes, (par. 17—9,) and amended section 17—14 to permit the issuance of tax anticipation warrants against the transportation tax, when necessary. (par. 17—14.) Still other amendments and additions, af-

fecting sections 17—6.1, 29—4.1, 29—5, 29—7, and 29—8 of the Code, all related to the transportation of school children or the transportation fund. See: Ill. Rev. Stat. 1957, chap. 122, pars. 17—6.1, 29—4.1, 29—5, 29—7, and 29—8.

The second amendment to section 17—2 in 1957 was embodied in House Bill No. 706, which was passed on June 27, 1957, and approved July 10, 1957. (Laws of 1957, p. 2437.) By such amendment, authority was given to levy taxes as follows: "(1) districts maintaining only grades 1 to 8, each inclusive, at a rate not to exceed .65% for educational purposes and .1875% for building purposes * * *; (2) districts maintaining grades 9 to 12, each inclusive, at a rate not to exceed .65% for educational purposes and .1875% for building purposes * * *; (3) districts maintaining grades 9 to 12, each inclusive, in addition to grades 1 to 8, each inclusive, at a rate not to exceed 1.25% for educational purposes and .25% for building purposes * * *." (Ill. Rev. Stat. 1957, chap. 122, par. 17—2.) No authority to levy a tax for transportation purposes was included in this bill; however, a concluding paragraph did repeat the language of House Bill 345 with respect to special charter districts and added thereto a further exception enlarging the taxing authority of reorganized charter districts maintaining grades 1 through 12.

Other provisions of House Bill 706 amended section 17—3 of the School Code and added section 17—2.1 thereto. The latter section provided for a referendum on tax rates in districts maintaining grades 9 to 12, in addition to grades 1 to 8, while the former placed limitations upon the amount of rate increase for educational purposes that could be authorized at any single referendum. See: Ill. Rev. Stat. 1957, chap. 122, pars. 17—2.1 and 17—3.

Pointing to the differences in rates authorized for educational and building purposes in the section 17—2 amendments, defendant asserts that the two bills are so inconsistent and repugnant that both cannot be given effect and

that House Bill 706, being the last expression of the legislature, must prevail. Accordingly, since the latter bill contained no provision for a transportation tax, it is contended that the school districts in this case were without authority to levy taxes for such purpose. The collector's position is that the bills were adopted for different purposes which were not inconsistent with, or repugnant to, each other and that both can and should be given effect. It is his contention that it was the purpose of the first bill to establish a transportation fund and to grant taxing authority for such purpose, whereas it was the purpose of the second bill only to alter rates permissible in some districts for educational and building purposes, and that the legislative intent in both respects may be given effect.

While it may be conceded that the differences in educational and building rates result in surface inconsistencies between the two bills, that circumstance does not circumscribe our function of determining the legislative intent, nor does it require mechanical application of the familiar rule that where inconsistent amendatory acts are passed at different times, the last enactment is the one to be obeyed. It is, rather, a circumstance which has led this court to reject the mechanical application of the rule contended for. As pointed out in *People ex rel. Brenza* v. *Fleetwood,* 413 Ill. 530, 547, such literal inconsistencies do not necessarily reflect the legislative intent, but oftentimes result solely from the legislature's compliance with the constitutional mandate that "the section amended, shall be inserted at length in the new act." (Const. of 1870, art. IV, sec. 13.) Moreover, the rule advanced, as well as other rules of construction dealing with repeals by implication are mere canons of construction and should never be followed to the extent of defeating or overriding the definite intent of the legislature. 34 I.L.P. Statutes, sec. 88.

When confronted with problems arising when two or more bills are passed at the same session of the legislature,

each pertaining to the same subject or amending the same statute, the primary question, as in all cases of statutory construction, is the intent of the legislature, rather than the technical priority of the passage of the acts. (*S. Buchsbaum & Co.* v. *Gordon*, 389 Ill. 493.) The whole record of the legislature, including acts passed at subsequent sessions, is open to ascertain such intent and, once ascertained, it will be given effect irrespective of priority of enactment. (*People ex rel. Brenza* v. *Fleetwood*, 413 Ill. 530; *Lubezny* v. *Ball*, 389 Ill. 263.) For a later enactment to operate as a repeal by implication of an earlier one there must be such total and manifest repugnance that the two cannot stand together. (*People ex rel. Adamowski* v. *Metropolitan Sanitary Dist.* 14 Ill.2d 271; *People* v. *Holderfield*, 393 Ill. 138.) On the other hand, if the two enactments are capable of being construed so that both may stand, it is the duty of this court to so construe them. *Du Bois* v. *Gibbons*, 2 Ill.2d 392; *People ex rel. Toman* v. *Dunkirk Building Trust*, 377 Ill. 459; *People ex rel. Davis* v. *Wabash Railroad Co.* 276 Ill. 92.

Arriving at the legislative intent on the basis of the cited principles, it is clear that the two bills in question were intended to make separate and distinct changes in section 17—2 and that both may be given effect without inconsistency. The entire sweep of House Bill 345 shows a legislative intent and purpose of creating a transportation fund for school districts, to be levied for, administered and maintained separate and apart from educational and building funds. Such a purpose necessarily required the amendment of section 17—2 to include authority to levy a transportation tax. The singleness of purpose is demonstrated not only by the content of the other amendments to the School Code embodied in the bill, but also by the fact that, in compliance with the constitutional mandate, the provisions of section 17—2 remaining unchanged were repeated precisely as they existed. The patent purpose of House

Bill 706 on the other hand, as well as the amendment to section 17—2 it effected, was to adjust educational and building rates for certain districts, a purpose in no way antagonistic or repugnant to the previous purpose of granting authority to levy a tax for transportation purposes. This being the case neither amendment can be said to thwart the other and both may be given effect.

Defendant seeks to interject a repugnancy by speculating that educational rates were increased in House Bill 706 to permit school districts to meet the costs of transportation from the educational fund and that, for such reason, the failure of the bill to repeat the authority to levy a transportation tax indicates a legislative intent to repeal it. We have held, however, that amendments, although enacted at different times, are to be construed together with the original act to which they relate as constituting one law. (*S. Buchsbaum & Co.* v. *Gordon,* 389 Ill. 493; *Klemme* v. *Drainage Dist. No. 5,* 380 Ill. 221.) And, in the absence of a clear legislative intent to the contrary and where two acts are not so inconsistent that both cannot stand and be given effect, a later law which is merely a re-enactment of a former law does not repeal an intermediate act which has qualified or limited the first one, but the intermediate act will be deemed to remain in force and to qualify or modify the new act in the same manner as it did the first. (*People ex rel. Brenza* v. *Fleetwood,* 413 Ill. 530; *S. Buchsbaum & Co.* v. *Gordon,* 389 Ill. 493.) In the present case the amendment to section 17—2 found in House Bill 706, the last amendment in point of time, contains no express manifestation of an intent to revoke the authority to levy a transportation tax conferred by the intermediate amendment, nor is such an intent logically implied from the circumstance that educational rates for some districts were increased by the last bill. The educational rate for districts maintaining grades 9 to 12 was unchanged by either amendment but remained at the rate fixed by the original act

being amended. Had it been the legislative intent to increase educational rates in lieu of authority to levy a transportation tax, it follows that the educational rates of all districts would have been increased proportionately. This is particularly true since the authority to levy a transportation tax provided in House Bill 345 is extended generally to "districts providing transportation for pupils."

Moreover, to indulge in the construction advanced by defendant would render meaningless and repeal by implication the remaining portions of House Bill 345 which amended some eight other sections of the School Code to provide, among other things, for the increase of the transportation tax rate by referendum, for a certificate of levy, and for the issuance of tax anticipation warrants against such a tax. Nothing in House Bill 706 commands such a sweeping implication.

When the two amendments and the act they amend are considered as constituting one law, and in view of the fact the amendments are not so antagonistic and inconsistent that both cannot operate, it is our opinion that it was the legislative intent to authorize the levy of a transportation tax. According the judgment of the county court of Wayne County, overruling defendant's objections, is affirmed.

*Judgment affirmed.*